ALBANY,
Feb. 1834.

Spencer
v.
Hilton.

*N. P. Randall,* for the defendant, submitted whether the costs given by the statute could be taxed and collected by attachment ; if not, he contended that the taxation was a nullity, and a retaxation would not be ordered.   Upon the merits, he insisted that the object of the statute was to make the defendant *whole,* by allowing him not only the fees paid to officers, but all costs and expenses incurred by him.   The fee-bill makes no provision for a case like this.

Ex parte W. SPENCER *vs.* R. J. HILTON, Esq. a
commissioner *ex officio.*

If a defendant arrested on a *warrant* under the act to *punish fraudulent debtors,* does not, when brought before the officer, controvert the facts and circumstances on which the warrant issued, *and verify his allegations* by his own affidavit, or by proof, it is the duty of the officer to commit him.

The complainant is not bound to produce proof to substantiate his charges until after the same have been controverted by the defendant's affidavit, or by proof.

Where the officer improperly discharges the complaint, the remedy is by *certiorari,* and not by *mandamus.*

February 6.

THE relator commenced a suit in this court against J. T. Hildreth, and obtained a *warrant* against him under the act to abolish imprisonment and punish fraudulent debtors, on an affidavit that Hildreth had fraudulently contracted the debt

respecting which the suit was brought, &c. Hildreth was arrested, served with a copy of the affidavit, and brought before the officer who issued the warrant. On coming before the officer, he *denied orally* the allegations of the complainant, and required him to substantiate the same by proof. The complainant insisted that the affidavit on which the warrant had issued was sufficient to put the defendant on his defence, and to require him to controvert the facts and circumstances on which the warrant had issued by his own oath, or by the testimony of witnesses. The officer decided that the affidavit on which the warrant had issued was not enough to put the defendant on his defence; that the complaint must be substantiated by the oath of the complainant, or by the testimony of witnesses, and that the defendant had the right to be present, hear and examine the witnesses produced in support of the complaint. The complainant not offering himself to be examined, and producing no proof in support of the complaint, the officer discharged the same for want of proof. Upon these facts the relator asked for a *mandamus* or a *certiorari*, whichever he might, in the opinion of the court, be entitled unto.

*S. Stevens*, for the motion.

*M. T. Reynolds*, contra.

*By the Court*, SAVAGE, Ch. J. The question is, what is the mode of proceeding, when the defendant is brought up upon a warrant issued under this act? The language of the 7th section is, that "he may controvert any of the facts and circumstances on which such warrant issued, and may, at his option, verify his allegations by his own affidavit." Previous to the issuing of the warrant, satisfactory evidence must have been produced to the officer, proving the particulars required by the statute to be proved; this may have been done by the affidavit of the plaintiff, or of some other person or persons. The proof, to authorize the issuing the warrant, must be sufficient, uncontradicted, to justify the imprisonment of the

defendant. Copies of the affidavits upon which the warrant issued must be delivered to the defendant when the warrant is served. The defendant, therefore, comes before the officer fully apprized, not only of the plaintiff's allegations, but of the proof on which he relies. Suppose, when the defendant is brought before the officer, he stands mute, what is the officer to do? He has the parties before him; he has the plaintiff's declaration and proof, which he has adjudged sufficient, and both have been served upon the defendant. Can the officer discharge the defendant under such circumstances? That would be admitting that there was not sufficient cause for issuing the warrant. If the proof was sufficient to authorize the warrant, it would undoubtedly be the duty of the officer in such case to commit the defendant. Suppose, again, the defendant does not stand mute, but says, in the language of the statutes,· that he *controverts the facts and circumstances on which the warrant issued,* without offering his affidavit, or any proof: what then is the officer to do? On the part of the plaintiff, the case is made out; he has shewn sufficient cause, if uncontradicted by evidence, to warrant the commitment of the defendant; shall the defendant, by his plea of the general issue, after the plaintiff's proof has been given, put a stop to the proceedings, and call for further proof? Certainly not. In the present state of the case there is proof enough. The same proof was given *ex parte* before the issuing the warrant, which would have been sufficient, if given after a plea of the general issue.

This is a proceeding *sui generis.* It is not analogous to the service of a declaration in a civil suit, nor that of a warrant in a criminal proceeding. The object of serving the affidavits upon the defendant with the warrant is, to enable him to be prepared to answer the charges by his own affidavit, or by proof. If he chooses to do neither, but simply denies the truth of what has been proven, he must stand in the same situation as if the proof had been given after his plea; and in such case, can there be a doubt that he must be committed? This view of the practice to be adopted, is corroborated by the other provisions of the act. If it had been intended that the plaintiff should produce proof, the provisions would have been similar to the

ALBANY,
Feb. 1834.

Spencer
v.
Hilton.

act regulating criminal proceedings; but nothing is said about other proof, until the defendant shall have controverted the plaintiff's allegations, and verified his own allegations by his own affidavit; but as he may be sworn or not, at his option, he undoubtedly may, in the first instance, introduce his proof without being sworn himself.

The 9th section declares, that if the officer is satisfied that the allegations of the complainant are substantiated, &c. he shall commit the defendant. To give these words their proper signification, we must have reference to the stage of the proceedings supposed, to wit, the close of a contested investigation, after witnesses have been examined on both sides. Take for example the supposition which I have first put—that the defendant said nothing; could the officer hesitate to say that the plaintiff's allegations were substantiated, and could he refuse to direct the commitment of the defendant? I apprehend not; and yet, if to *substantiate* means *to establish by proof*, the allegations of the complainant would not be substantiated. The substantiation can only be necessary after the plaintiff's case has been controverted by the defendant's affidavit, or by proof. These proceedings are more analogous to those in chancery than in a court of law. The affidavits served with the warrant are the complainant's bill and proofs, to which the defendant is required to appear and answer by proofs, before the plaintiff can be called upon for further proof. But the analogy is not perfect to any proceedings known to our laws. We must construe the statute by itself. The object is to afford a summary remedy against fraudulent debtors, and to give to both parties the benefit of their own oaths. To allow the defendant, therefore, without his own oath or proof, to call for proof to substantiate the plaintiff's oath or proof, would seem to subvert what was intended as the order of proceeding.

A *certiorari* is allowed to review the proceedings of the commissioner; a *mandamus* is not proper, because the officer has acted definitively.