## The People *vs.* Wilgus and others.

A party bound by a bond or recognizance to appear before a court or officer must, to save a default, make a technical appearance in the suit or proceeding; being corporally present is not enough, if he refuse to answer when formally called.

Accordingly, where one who had been arrested as a fraudulent debtor, pursuant to the act to abolish imprisonment for debt, executed a bond with sureties, conditioned to appear at an adjourned day; and on that day came before the officer and in his presence agreed with the complainant for a further adjournment, and it was arranged between the parties, in the absence of the sureties, that he should be formally called by the officer and should not answer, in order that the sureties might continue liable, which was accordingly done; *held*, that a default had occurred for which an action might be maintained on the bond.

DEBT on bond. The defendant Wilgus had been arrested by virtue of a warrant issued by O. B. Matteson, a supreme court commissioner, upon the prosecution of one Swab, pursuant to the third and subsequent sections of the act to abolish imprisonment for debt, &c. (*Stat.* 1831, *p.* 396;) and on the 20th day of December, 1842, was brought before the commissioner, and applied for an adjournment of the proceeding to the 27th of the same month, which was granted. The bond declared on was executed by Wilgus and the other defendants as his sureties to the people, and was in the penalty of $2000, conditioned to be void if Wilgus should appear on the adjourned day, at ten o'clock in the forenoon, at the office of the com-

The People *v.* Wilgus.

missioner, in Utica, "and not depart until the final determination of said matters, and abide such order as should be made in the premises." The declaration, after setting out the bond, assigned for a breach that Wilgus did not appear before the commissioner at the time and place mentioned in the bond according to the exigency of the condition thereof, but therein wholly failed and made default, &c.

Pleas by the sureties, 1. *Non est factum.* 2. That Wilgus did appear before the commissioner at the time and place men tioned in the condition of the bond, according to said condition. 3. That Wilgus appeared before the commissioner, according to the condition of the bond, and applied for a further adjournment to the tenth day of January then next, which was granted, and thereupon by an agreement between Swab and Wilgus, in the absence and without the consent of the sureties of the latter, Wilgus was called by the commissioner, but, though present, he did not answer, and the commissioner declared the bond forfeited. 4. That Wilgus appeared and procured a further adjournment, as stated in the third plea, and that thereupon, before the last mentioned adjourned day had arrived, Swab abandoned the further prosecution of the proceeding. The plaintiffs replied to the third and fourth pleas, taking issue upon the averments that Wilgus appeared according to the condition of the bond.

On the trial the execution of the bond was proved. The commissioner testified that both Swab and Wilgus came to his office, with their respective counsel, on the adjourned day, the 27th of December; that the counsel conversed together on the subject of a further adjournment, but no application for that purpose was made to him, the commissioner; that after some time thus spent, he called the parties, that Swab or his counsel appeared and answered, but Wilgus, when called did not appear or answer, nor did his counsel; and that thereupon he entered his default, by making an endorsement on the bond to the effect that Wilgus on being called did not appear, and that the bond was forfeited. The gentleman who attended as counsel for Wilgus was examined as a witness, on the part of

the defendant, and testified that the parties met on the adjourned day with their counsel at the commissioner's office, and Wilgus stated that he desired more time to make his defence; but as the commissioner expected to be absent from home for some time, it was arranged between the parties and their counsel that the proceeding should be postponed indefinitely, and that the counsel should thereafter agree upon a day for the hearing; and that to avoid the trouble of sending for the sureties, who were not present, Wilgus should be called and should not answer, and that the bond should be forfeited to stand as a security for the appearance of Wilgus on the day to be agreed upon between the counsel. That Wilgus was formally called pursuant to this arrangement, but did not answer, though he was actually present, and the commissioner thereupon made the entry referred to on the bond. The witness said that in the course of making the arrangement, he stated that he would rely upon the honor of the opposite counsel not to proceed upon the default, if Wilgus appeared according to the agreement. He also stated that no time for the hearing had ever been subsequently fixed. The plaintiffs then called as a witness the counsel for Swab, who testified to the arrangement substantially as it had been stated by Wilgus' counsel, except that he said it was agreed that Wilgus should appear and proceed with the hearing at some time within ten days, and that notice should be given by the counsel of Wilgus to Swab's counsel of the time when Wilgus should be ready to go on; he said that Wilgus never afterwards appeared, and that no notice that he would do so was ever given.

The circuit judge held that upon the statement of the transaction given by either of the witnesses, there was a default on the part of Wilgus in appearing according to the condition of the bond, and that the plaintiffs were entitled to recover. The defendants' counsel excepted, and the jury under the direction of the judge found a verdict for the plaintiff for the penalty of the bond, with nominal damages. The defendants moved for a new trial on a bill of exceptions.

*F. Kernan,* for the defendants.  1. The instrument declared on is void, for want of conformity to the statute.  It should have been for the appearance of the party only.  (*Stat.* 1831, *p.* 397, § 7; 2 *R. S.* 286, § 59; *Churchill* v. *Perkins,* 5 *Mass.* 541; *Webber's Ex'rs* v. *Blunt,* 19 *Wend.* 188; *Bank of Buffalo* v. *Boughton,* 21 *id.* 57; *Acker* v. *Burrall, id.* 605, *S. C. in error,* 23 *id.* 606; *Mott* v. *Robbins,* 1 *Hill,* 21; *The People* v. *Meighan, id.* 298.)  2. If the sureties have the defendant corporally present it is enough.  (*Hawk. P. C. book* 2, *ch.* 15, §§ 3, 84; *Spencer* v. *Hilton,* 10 *Wend.* 608; *The People* v. *Clary,* 17 *id.* 374; *The People* v. *Greene,* 5 *Hill,* 647.)

*C. P. Kirkland,* for the plaintiffs.  As to the first question, he said that the point was not raised by the bill of exceptions. On the other point he maintained that *answering* before a court or other competent tribunal had a technical signification; that bodily presence was not enough, but that the party bound must appear for the purposes of the suit or proceeding.  A different rule, he said, would, in this case, operate as a fraud upon the other party in interest, who confided in the arrangement.  He referred to *The People* v. *Hayner,* (1 *Denio,* 454.)

*By the Court,* McKissock, J.  It is contended that the bond in this case was void for having a condition beyond that prescribed by the statute, and that therefore the judge should have nonsuited the plaintiff.  But the defendant made no objection on the trial to the form of the bond, nor did he ask that the plaintiff should be nonsuited.  The whole inquiry seems to have been whether the defendant Wilgus appeared before the commissioner according to law.  The circuit judge decided that he did not, and that therefore the plaintiff was entitled to a verdict.  The defendant's counsel should have applied for a nonsuit on that ground if he wished to raise the point now suggested.  A party cannot put his whole defence at the trial on a particular point and afterwards apply

for a new trial upon some radical objection to the recovery not before mentioned or alluded to.

Besides, the objection admits that the plaintiff had proved his whole case as stated in the declaration. If so, he was entitled to a verdict, whatever may be thought of the present objection. The question could only be raised by a demurrer or a motion in arrest of judgment.

The main question then arises whether the defendant Wilgus appeared before the commissioner according to the legal import of the term as it is used in the condition of the bond. It is true that he was in person in the same room with the commissioner at the time and place mentioned in the bond. But it is equally clear that he did not answer when called by that officer, and that his default was then entered. The word *appearance* has in law a technical meaning altogether different and beyond the idea of personal presence. Thus, a party appears by filing special or common bail, or by entering his appearance in the minutes of the court. In criminal cases not of the grade of felony, the party though not in court appears by his counsel, and so the clerk may in those cases enter his appearance. If before the alteration of the practice in this court by statute, the plaintiff had refused to answer on the coming in of a verdict, he was pronounced not to have appeared, though he were in court by his own bodily presence and that of his counsel. So in a court of a justice of the peace, if a plaintiff on the day appointed for trial should visibly appear before the magistrate, but refuse to answer or proceed in the cause, the justice would have a right to enter judgment against him in favor of the defendant on the express ground that he had not appeared. And in a prosecution for the breach of a recognizance, for not appearing to answer in a criminal court, all that it is necessary to assert in pleading, and to prove is, that the party was called in court and did not answer, and that his default was entered. In such a case he would not be permitted to prove as a defence that though he did not answer yet that he was at the time present in court and visible to all. Now if this be so in a case where the court possesses the power

The People *v.* Wilgus.

to arrest the accused on the spot, if he be present, or of sending a warrant for him if he disappear, much more did the recognizance in this case require an appearance beyond the mere corporal presence of the defendant. The proceeding is one authorized by statute, and the commissioner has no power over the person arrested but what is specially conferred. When therefore he has granted an adjournment and taken security for the defendant's appearance, he is *functus officio* till the defendant makes a technical appearance by rendering himself before him to answer the proceedings in the matter. It is optional with the defendant whether he will so appear or not. And he is as capable of making the election not to appear, while in the same room with the officer, as he would be at any other place. This choice he did make, and refused to appear before the commissioner according to the exigence of the recognizance. The case of *Spencer* v. *Hilton,* (10 *Wend.* 608,) cited by the defendants' counsel, by no means shows that in the case at bar the officer had the power to have committed the defendant. The court in that case did say that the officer had the power to commit the defendant; but there he had actually appeared and submitted himself to the jurisdiction of the officer, but insisted that he was not bound to go on and controvert the charges and facts in the complainant's affidavits till he offered further proof of them. Of this opinion was the officer, who dismissed him, as the plaintiff would not proceed first.

But it is said the judge should have left the question of appearance to the jury. There was no fact to be left to the jury. There was no pretence that there was an adjournment, by the officer, and the want of such an appearance as I have considered necessary, was shown by the concurrent testimony of all the witnesses. The motion for a new trial must be denied.

New trial denied.