HENRY McCARTHY, Respondent, *v.* MARY CROWLEY, Appellant.

*N. Y. Supreme Court, Second Department, General Term, May* 13, 1889.

1. *Justice's Court. Holding open.*—A request made by a defendant to the justice, on the return day of the summons in justice's court, to wait until she could obtain a lawyer, or adjourn the hearing, was reasonable and should have been granted.

2. *Same. Appearance.*—Where the defendant, after her request for time to obtain a lawyer is denied, sits in the room, on the return day of the summons, while the default is taken and judgment rendered, without further interposition in the proceedings, there is, in contemplation of law, no appearance, and she comes within section 3064 of the Code.

3. *Appeal. Notice. Amendment.*—The county court can, under section 309, of the Code, permit an amendment of the notice of appeal from a justice's judgment, from one for a new trial in the appellate court to one for a review of questions of law only.

4. *Same. Discretion.*—Where a default has been satisfactorily excused, and it seems that manifest injustice has been done, a refusal, on the part of the county court, to exercise its discretion upon the

matter is error sufficient to justify the general term in reversing the judgment, without costs to either party.

This action was brought in justice's court, and the defendant, on the return-day of the summons, was present, and asked for an adjournment while her son went out to find an attorney, but the court did not wait, but rendered judgment in favor of plaintiff before her son returned. The defendant appealed from this judgment, and, in her notice of appeal to the county court, asked by mistake for a new trial when she was not entitled to it. She then moved to amend the notice, which was refused, and a motion to dismiss the appeal was granted. From these orders the defendant appeals.

*J. S. Millard*, for appellant.

*Wm. H. H. Ely*, for respondent.

PRATT, J.—If there is no remedy against such practice as appears in this case, it is high time for an amendment to the law regulating procedure in justice's courts.

The request the defendant made to the justice to wait until she could obtain a lawyer, or adjourn the hearing, was reasonable and should have been granted. There was, in contemplation of law, no appearance by the defendant on the return day; merely sitting by, waiting for her son's return, was not an appearance. But, however this may be, there was as much of an adjournment for the hour to expire as there was of an appearance, and defendant certainly did not appear when default was taken and judgment rendered. Hence she came within section 3064 of the Code of Civil Procedure, which is as follows:

Section 3064. "If the appeal is taken by a defendant who failed to appear before the justice either upon the return of the summons or at the time to which the trial of the action is adjourned, * * * the appellate court, in its discretion, may set aside the judgment, etc."

I think it clear, within the authorities, that the defendant did not appear on the return of the summons.  2 Wait's Pr. 217 ; People *v.* Wilgus, 5 Den., 58, 62.

We also think it was within the power of the county court to permit an amendment of the notice of appeal under section 3049 of Code of Civil Procedure.

The default had been satisfactorily excused, and it seems manifest that injustice had been done, and the proper course would seem to have been for the county court to have directed a new trial ; at all events, a refusal to exercise discretion upon the matter was error sufficient to permit a reversal of the judgment, without costs to either party.

All concur.