*THE PEOPLE *v.* NORTON AND OTHERS.—THE SAME *v.*    [*17]
THE SAME.

As a general rule, a receiver should not be appointed without notice to the parties interested.

But this rule is subject to exceptions in special cases, where irreparable injury would be sustained by the delay.

So a receiver will be appointed without notice, upon the application of the complainant, where the defendant has absconded, to prevent service of the subpœna to appear and answer the bill: or has left the state, and is not expected to return for several months, and has no residence or place of business where a subpœna can be served.

The defendant, however, has a right afterwards, to apply for relief against the order appointing such receiver.

THE CHANCELLOR:—In these cases, application is made April 28th. for the appointment of a receiver of the rents and profits of certain lots in the city of New York, which, by inquest of office, have been found to have escheated to the people of this state.

The facts disclosed in the respective bills, together with

the affidavits on which the motions are founded, show the propriety and necessity of the appointment; and the only difficulty in my mind has been in relation to want of notice to the defendant Norton. As a general rule, a receiver should not be appointed without notice to the opposite party; but that rule must be subject to exceptions in special cases, where irreparable injury would be sustained by one or both parties, by such delay.[1]    In *Maguire* v. *Allen*, (1 Ball & Beatty, 75,) a receiver was appointed on the application of the plaintiff, where the defendant had absconded to prevent service of the subpœna to appear and answer the bill.    In these causes, the defendant, who has traversed the finding of the jury, has left the state, and is not expected to return for several months, and has no residence or place of business, where a subpœna can be served.    His solicitor, who was employed on the traverse, on being applied to, refuses to appear or do anything in these cases, on the ground that he is not authorized; and it is necessary that *the receiver should be appointed without delay, to collect the rents of the tenants, which may be lost by a delay of a few days.

Under these circumstances, I think these are proper cases for the court, in the exercise of a sound discretion, to dispense with the formality of the notice, and make *ex parte* orders for the appointment of receivers; saving to the defendant the right hereafter to apply for relief against the order, if he can show any good reason, on the merits, for discharging the same.

[1] *Sandford* v. *Sinclair*, 8 Paige 373; *Gibson* v. *Martin*, id. 481.