## SUPREME COURT.

JAMES M. KEMP and JOHN A. FISKE agt. LEONARD HARDING.

To authorize the appointment of a receiver under § 298 of the code, the proceeding should be against the debtor, to reach his property generally; and should be *upon notice* to the debtor.

Such an appointment is not authorized on an examination under § 294, of third persons as to property of the debtor in their hands.    Under this section, notice of the proceedings may or may not be given to the debtor, in the discretion of the judge.

In this proceeding (under § 294) there is no authority or provision for proceedings for the application of the property of the debtor to the payment of the judgment as is provided upon the return of an execution, and as is provided by the second paragraph of § 292. Neither is there any provision for an examination in this proceeding in relation to the property at large of the debtor.

*Onondaga General Term, Nov.* 1849.—C. GRAY, PRATT, GRIDLEY and ALLEN, Justices.—This is an appeal by the defendant from an order made by a county judge under chapter 2, title 9, part 2, of the Code of Procedure.   The affidavit upon which the proceedings were instituted, stated

the recovery of a judgment in this court by the plaintiffs against the defendant, and the issuing of an execution thereon, which was unsatisfied, and that one Francis B. Morse had in his hands, notes and accounts of the defendant to the amount of several hundred dollars. Morse was thereupon summoned to appear before the judge to be examined concerning the notes and accounts in his possession belonging to the defendant, and upon his examination testified that as agent for his father, Charles D. Morse, he held notes and accounts which had belonged to the defendant, as security for a debt due from the defendant to Charles D. Morse. The attorney for the plaintiffs also testified as a witness, either upon the same or a subsequent occasion, that he had applied to the defendant to secure the judgment by turning out notes and accounts against his customers, which he declined, for the reason that he wished to secure all New York creditors alike. The judge thereupon made an order enjoining the defendant from making any such or other disposition of his property, and enjoining Francis B. Morse from transferring or making any other disposition of the notes and accounts in his hands, until a sufficient opportunity was given to the receiver appointed by said order to commence an action for the recovery thereof; and by the same order appointed a receiver of the property and effects of the defendant, and ordered him to appear and assign to such receiver, and ordered the receiver to convert the property of the defendant into money, and apply the same in payment of the judgment, and thirty dollars for the costs of proceedings. No notice of the proceedings was given to the defendant.

A. BENNETT, *for appellant.*

W. J. BACON, *for respondents.*

By the Court, ALLEN, Justice.—The general design of the chapter under which this proceeding was had, although by no means new, is benign and well conceived, and if carried out by proper provisions in detail, would prove, in many cases, a desirable improvement upon former practice; but the entire chapter is crude, imperfect and difficult of execution, and will require important amendments before the full benefit of the design will be realized. But crude and imperfect as the act is, I think it cannot be held upon any fair construction to authorize the order in this case as against the defendant.

The code has not in terms, and I think has not in spirit, altered the practice in the appointment of receivers, so far as notice to the party to be affected is concerned. By section 244, the court is authorized to appoint receivers " according to the present practice"—that is, the

practice of the Supreme Court in Equity, in force at the time of the adoption of the code, which was the same as that of the late Court of Chancery. By that practice, a receiver could not be appointed without notice to the party interested, except under peculiar circumstances, demanding immediate action, to be made to appear by the papers upon which the application was made—(1 Paige, 17 ; 2 Paige, 438, 450 ; 8 Paige, 373, 481)—and in such cases the receiver was appointed for the protection of property *pendente lite*, and the order did not, as in this case, assume to make a final disposition of the property without a hearing of the parties.

Section 298 authorizes the judge in a proceeding "supplementary to the execution," to appoint a receiver of the property of the judgment-debtor in the same manner as if the appointment was made by the court according to § 244. To authorize the appointment of a receiver under § 298 : 1st. The proceeding should be against the debtor to reach his property generally, and not, as in this case, an examination, under § 294, of third persons as to property of the debtor in their hands—and 2d. The debtor should have notice of the proceeding. If the debtor has absconded, or cannot for any reason be served with a summons, under the act, the remedy must be by complaint in the nature of a creditor's bill, in which the debtor may be proceeded against as an absentee. Doubtless the Legislature might provide for proceedings under the act against a debtor who was not to be found, analogous to the proceedings by action against absentees, and for the protection of property that may be discovered in the meantime, but the misfortune in this case is, they have not done so, and anxious as we may be to further the design of the Legislature to simplify all judicial proceedings, we cannot infringe upon the province of legislation. These appear to be then different proceedings, "supplementary to the execution" authorized by the code—two under § 292, and a third under § 294. The two first are intended to compel the application of the property of the debtor in payment of the judgment, and the last, to ascertain the existence of property with a view to other and ulterior proceedings to compel its application. By § 292, the creditor may, upon the return of an execution unsatisfied, or secondly, upon the issuing of an execution and proof that the debtor has property which he unjustly refuses to apply towards the satisfaction of the judgment, have an order for the examination of his debtor as to his property—and proceedings may be had in either case for the application of the property of the debtor towards the satisfaction of the judgment. In proceedings under this section, the appointment of a receiver would be proper, and is contemplated by the

act. By § 294, upon the issuing or return of an execution against the debtor, the creditor may, upon proof that any person is indebted to or has in his possession property of the judgment debtor, have an order for the examination of such person concerning the same, and of such proceeding, notice may or may not be given to the debtor, in the discretion of the judge. In this proceeding there is no authority or provision for proceedings for the application of the property of the debtor to the payment of the judgment, as is provided upon the return of an execution and as is provided by the second paragraph of § 292. Neither is there any provision for an examination in this proceeding, in relation to the property at large of the debtor. The design of the section was probably to enable the creditor to ascertain the property of his debtor in the hands of third persons, with a view to proceeding directly against the debtor under some of the provisions of § 292, to compel its application to the satisfaction of the judgment. The appointment of a receiver is not warranted either by the terms or the exigencies of this section. From an authority founded upon an allegation that a third person has in his hands certain property of the judgment debtor, for the examination of such person concerning the same, the power to make a final order, affecting and finally disposing of all the property of the debtor without notice to him, cannot be enforced.

So much of the order as enjoins the defendant and appoints a receiver, and directs the disposal and application of the property of the debtor, and awards costs to be paid out of his property, must be reversed. As the case arises under a recent act, obscure in its provisions, no costs will be given upon the appeal.