## DARROW a. LEE.

*New York Common Pleas; General Term, July,* 1863.

SUPPLEMENTARY PROCEEDINGS.—RECEIVER.[*]

A receiver of property belonging to a judgment-debtor cannot be appointed in a proceeding under section 294 of the Code of Procedure, before the execution has been returned unsatisfied.

Appeal from an order appointing a receiver.

Judgment was recovered in this action by Daniel Darrow against William P. Lee for $201. An execution was issued, and an order made, under section 294 of the Code of Procedure, directed to the Bank of North America. By the examination of the cashier of the bank, it appeared that there was a deposit in that bank to the credit of the defendant, amounting to $2,480. It appeared that, after the supplementary proceeding was instituted, the defendant had assigned the deposit to his mother. An order was made appointing Malcolm Campbell receiver of so much of the fund as should be sufficient to pay the judgment. From this order defendant appealed.

*John C. T. Smidt,* for the appellant.—The order appoints a receiver of so much of the fund in the hands of the bank as shall be sufficient to pay the plaintiff's debt. There is no provision in the statute for the appointment of such a receiver, but only of a receiver of the property of the judgment-debtor generally. But if this was an appointment of a receiver of the property of the defendant generally, under section 298, yet

[*] In JANEWAY a. GREEN (*Supreme Ct., First District, September,* 1863. Present, SUTHERLAND, INGRAHAM, and LEONARD, JJ.), it was *Held,* that in an action for the removal of a trustee, on the ground of his unfitness, the court may appoint a receiver, pending suit.

The propriety of making such appointment is a question for the discretion of the court.

No written opinion was rendered.

such an appointment is not authorized on an examination under section 294. (Kemp *a.* Harding, 4 *How. Pr.*, 178.) No order could be made under this section, as it expressly appears that the money in the bank did not belong to the defendant. If the judge could appoint a receiver of the property of the defendant under this section, it follows that the receiver of the property of the defendant may be made without notice to the defendant, as it is discretionary with the judge whether the defendant shall have notice of the proceeding.

*S. C. Conable*, for the respondent.—I. The ownership of the debt due from the bank being in dispute, the only thing the court could do was to appoint the receiver, in order to test the question by action. (*Code*, §§ 297–299; Corning *a.* Tooker, 5 *How. Pr.*, 17; Rodman *a.* Henry, 17 *N. Y.*, 482; Goodyear *a.* Betts, 7 *How. Pr.*, 188, 189; People *a.* Pease, 9 *Ib.*, 97.)

II. The plaintiff, by the service of the order and injunction on the bank and on the defendant, acquired a lien on the funds in the bank to the same extent and of the same force that he would have acquired under the former practice by the filing of a creditor's bill, and could only enforce the same by a receiver. (Porter *a.* Williams, 5 *How. Pr.*, 441; Sale *a.* Lawson, 4 *Sandf.*, 718; Orr's Case, 2 *Abbotts' Pr.*, 458; Griffen *a.* Dominguez, 2 *Duer*, 658.)

III. Under the former practice, the judgment-creditor who first filed a creditor's bill obtained thereby a priority over all others in relation to the debtor's assets. (1 *Barb. Ch.*, 158; Corning *a.* White, 2 *Paige*, 567; Albany City Bank *a.* Schermerhorn, 1 *Clarke*, 297.)

By THE COURT.*—HILTON, J.—This was a proceeding supplementary to execution, instituted against the defendant before one of the judges of this court, at chambers, under an order granted pursuant to section 294 of the Code, to reach certain moneys in the Bank of North America, alleged to belong to the defendant.

The money was deposited in the name of the defendant, but, upon his examination before the judge, he testified that it was

---

* Present, DALY, F. J., HILTON and BRADY, JJ.

Darrow *a.* Lee.

not his, but a part of it was deposited by him as agent for another, and was rents collected by him as such agent from property in which he was in no manner interested; and the residue was alleged to have been assigned for a valuable consideration after this proceeding was instituted.

The judge appointed a receiver of so much of the money due from the bank to the defendant as would be sufficient to satisfy the judgment and costs; and authorized the receiver, in case the bank refused to pay over the same, to institute an action for its recovery.

At the time this order was made, the execution issued upon the judgment recovered against the defendant had not been returned, but was still in the hands of the sheriff.

I am unable to find any authority for the appointment of a receiver in such a case.

By section 298, the judge before whom proceedings supplementary to execution have been instituted, is clothed with the power to appoint a receiver of the property, real and personal (§ 464), of the judgment-debtor, in the same manner, and with the like authority as if the appointment was made by the court according to section 244; and, by subdivision 3 of this section, the power thus conferred is in proceedings of this character limited to cases where the execution has been returned unsatisfied.

Nor can it be said that the power is conferred by subdivision 5 of the same section,—which declares that a receiver may be appointed in such other cases than those therein previously enumerated, " as are now provided by law or may be in accordance with the existing practice, except as otherwise provided" in the Code,—because the practice in equity was never to entertain jurisdiction upon a creditor's bill, much less appoint a receiver, special or otherwise, of the property of a judgment-debtor, until an execution upon the judgment had been issued, and returned unsatisfied; and, apart from the practice thus established, there was none other from which such an authority could be inferred. (Porter *a.* Williams, 9 *N. Y.*, 142; 12 *How. Pr.*, 107, opinion Denio, J.; Reubens *a.* Joel, 13 *N. Y.*, 488; Kemp *a.* Harding, 4 *How. Pr.*, 178.)

The order appealed from should be reversed.