# ABBOTTS'

# PRACTICE REPORTS.

## NEW YORK.

## WARD a. BEEBE.

*Supreme Court, First District; General Term, Oct., 1863.*

SUPPLEMENTARY PROCEEDINGS.—PROPERTY IN HANDS OF THIRD
  PERSON.—NOTICE TO JUDGMENT-DEBTOR.—SATISFACTION OF
  JUDGMENT.

In proceedings supplementary to execution, under sections 294 and 297 of the
  Code of Procedure, against a person having property of a judgment-debtor, it is
  discretionary with the judge whether notice of the proceedings shall be given
  to the judgment-debtor.[*]
A judgment may properly be satisfied of record by an order of the court, although
  such judgment has been previously discharged of record by filing a satisfaction-
  piece, where such satisfaction-piece was given conditionally, and not in full dis-
  charge of the demand.

Appeal from an order directing that a judgment be satisfied
of record.

Judgment was recovered in this action by Henry W. Ward
against Welcome R. Beebe and Elisha Ruckman for $610.40.
Ruckman was a judgment-creditor of Ward's in another action.
Supplementary proceedings under section 294 of the Code of

---

[*] See, also, Holmes a. Jordan, 15 *Ante*, 410, *note;* Parker a. Hunt, *Ib.* ; Ward
a. Beebe, *Ib.*, 372. To the contrary, Lord a. Ford, *Ib.*, 409, *note.* Compare Gib-
son a. Haggerty, *Ib.*, 406.

Procedure were instituted against Beebe in Ruckman *a.* Ward, but no notice of the proceedings was given to Ward or his attorney. It appearing on the examination of Beebe that he was indebted to Ward upon the judgment in Ward *a.* Beebe, an order was made that Beebe pay to Ruckman the amount of the judgment in Ruckman *a.* Ward. This order was complied with, and Beebe subsequently paid the balance due upon the present judgment, deducting the amount paid Ruckman. (15 *Ante*, 372.) At the time of making this payment, Beebe took a satisfaction-piece from Ward, and executed the following stipulation:

[*Title of the cause.*]

Whereas the plaintiff in this action has, for my accommodation, satisfied the judgment therein, although only the sum of $415.79 has been received by him thereon: Now therefore, in consideration thereof, I hereby promise to pay the balance of said judgment, being $610.40, unless I obtain from this court an order that said judgment be cancelled or satisfied upon the record within thirty days from the date hereof; and in case such order be set aside by the court, or reversed on appeal, then, and in either of such cases, I agree to pay such balance of said judgment on demand.

    [*Date.*]                               [*Signature.*]

The judgment in Ward *a.* Beebe was then satisfied by order of the court.

From this order Ward appealed.

*Isaiah T. Williams*, for the appellant.

*Beebe, Dean & Donohue*, for the respondents.

By the Court.—SUTHERLAND, P. J.—The order made at special term, authorizing and directing the clerk to satisfy the judgment in this action of record, appealed from, was founded on the proceeding supplemental to the executions issued on the judgments of Ruckman against Ward, under section 294 of the Code, and on the order made in the last-mentioned proceeding, and on proof that the last-mentioned order had been complied with,—that is, that Beebe had paid on the 29th of April, 1862,

$415.79, on account of the judgment of Ward against Ruckman and Beebe, and had subsequently paid to the sheriff $247.41, the amount due on the judgments of Ruckman against Ward, as the balance due on the judgment of Ward against Ruckman and Beebe, including sheriff-fees.

The order under which Beebe paid the $247.41 in satisfaction of the judgment against him and Ruckman, was made without notice to either Ward or his attorney, Mr. Williams, of the proceeding in which that order was made. As to Ward, the judgment-debtor, the order was entirely *ex parte.*

Unless this want of notice rendered that order not only irregular, but void, as to Ward, the order appealed from, directing satisfaction of the judgment against Ruckman and Beebe, certainly was not erroneous, although under the circumstances it may have been unnecessary.

Section 294 of the Code expressly declares that the judge may, " in his discretion, require notice" of the proceeding under that section, "to be given to any party to the action, in such manner as may seem to him proper." (See, also, Kemp *a.* Harding, 4 *How. Pr.,* 178 ; Seely *a.* Garrison, 10 *Abbotts' Pr.,* 460 ; Foster *a.* Prince, 8 *Ib.,* 407.)

The order, then, under which Beebe paid the $247.41, the amount of Ruckman's judgments against Ward, in satisfaction of the balance due on the judgment against Beebe and Ruckman, was not irregular, much less void, for want of notice to Ward or his attorney of the proceeding in which that order was made, for it was a matter within the discretion of the judge whether such notice should be given or not.

If, when that proceeding was instituted, the judgment against Ruckman and Beebe equitably belonged to Mr. Williams, the attorney of Ward, and the proceeding was instituted in fraud of Williams' rights as such equitable owner, perhaps the order made in that proceeding might have been stayed or vacated on a proper application by him ; but as no such application had been made, it appears to me that the order appealed from was regular, and authorized by the previous order under section 294 of the Code, and the proof that such last-mentioned order had been complied with.

If the order appealed from was useless or unnecessary, because the judgment against Ruckman and Beebe had already

been satisfied of record, I do not see how that order did, or could, injure either Ward or Williams.

I do not see how the order appealed from did, or could, take away or affect any right or remedy of Ward or Williams under the written agreement, on the execution of which, and the payment of $415.79 by Beebe, the judgment against Ruckman and Beebe had been satisfied of record, previous to the motion in which the order appealed from was made.

In my opinion, the order appealed from should be affirmed, with $10 costs.

INGRAHAM and LEONARD, JJ., concurred.