## WEGMAN, receiver, &c. *vs.* CHILDS and others.

In order to sustain an action brought by a receiver appointed in supplementary proceedings, the plaintiff is bound to show not only the judgment, but also an execution from a court having the right to issue it; and that the same was delivered to the sheriff of the proper county, and by him returned unsatisfied.

Without each and all of these facts being proved, a judge has no jurisdiction to entertain proceedings supplementary to execution, or to appoint a receiver of the defendant's property.

*Held* that a judgment obtained in a court of common pleas, in 1846, was not a suit or proceeding "pending" in that court on the first Monday of July, 1847, when the constitution of 1846 took effect, and did not, by the provisions of the 5th section of the 14th article thereof become transferred into either the supreme or the county court.

Yet it remained a valid judgment; and the legislature having, by the judiciary act of 1847, provided that an execution to collect such a judgment might be issued out of the county court thereby organized, if it is necessary, in consequence of the lapse of time, to apply for leave to issue an execution, the county court is the tribunal to which the application should be made. The supreme court has no power to order an execution to be issued, in such a case.

APPEAL from a judgment entered on the report of a referee. The plaintiff is the receiver appointed in supplementary proceedings before the county judge of Monroe county, instituted by Henry Davis, to obtain payment of a judgment recovered in that court in September, 1846, against Rufus Childs, after an execution had been issued on said judgment, and returned unsatisfied. In February 1860, Davis applied to the supreme court for leave to issue an execution upon the judgment. Leave was granted, and an execution was issued in pursuance of such order of the supreme court, and was returned unsatisfied. The object of this action was to set aside an assignment of a land contract, made by Rufus Childs to his son Gilbert C. Childs, and a deed to Gilbert given under the contract, as fraudulent and void as against Davis, the judgment creditor. The referee reported in favor of the plaintiff, upon the ground that the question of fact had formely been passed upon by this court. The defendants appealed,

*J. C. Cochrane,* for the appellants.

*T. R. Strong,* for the respondent.

*By the Court,* WELLES, J.   The question whether the assignment and transfer by the defendant, Rufus Childs, to the defendant, Gilbert C. Childs, of the claim of the former to the house and lot in question, and of the contract of the former with Limbocker for the purchase thereof, was fraudulent as against Rufus Childs, stands, upon the present case, substantially as it did when the case was before us on a former occasion.   We then held that such assignment and transfer was fraudulent and void as against the creditors of Rufus Childs.   On that occasion no question was raised or considered as to the jurisdiction of this court to order an execution upon the judgment perfected in the court of common pleas of Monroe county, in 1846, in favor of Davis, against Rufus Childs, nor as to whether the execution on that judgment should have been issued by the county court, in order to justify the proceedings subsequently taken, which resulted in the appointment of the present plaintiff as receiver, &c.

These questions are now before us, and are involved in the decision of this appeal.   In order to sustain this action, the plaintiff is bound to show not only the judgment, but also an execution from a court having the right to issue it, and that the same was delivered to the sheriff of the proper county and by him returned unsatisfied.   Without each and all of these being proved, the judge had no jurisdiction to entertain proceedings supplementary to execution, or to appoint a receiver of the defendant's property.

It becomes necessary, therefore, for us to examine and see whether these things have been done, in order to determine whether the plaintiff has made out his title to maintain the present action.

The plaintiff's judgment was obtained in the court of common pleas of Monroe county in September, 1846.   Noth-

ing remained to be done in order to perfect the judgment; nor was any further judicial action necessary for the purpose of issuing an execution for its collection. Afterwards the constitution of 1846 took effect. By the 5th section of the 14th article of that instrument it was provided that "on the first Monday of July, 1847, jurisdiction of all suits and proceedings then pending in the present (now former) supreme court and court of chancery, and all suits and proceedings originally commenced and then pending in any court of common pleas (except in the city and county of New York) shall become vested in the supreme court hereby established. Proceedings pending in courts of common pleas, and in suits originally commenced in justices' courts, shall be transfered to the county courts provided for in this constitution, in such manner and form and under such regulations as shall be provided for by law."

The judiciary act of 1847 provides that "execution may be issued out of the county court organized by this act, to collect any judgment in the present court of common pleas of the same county, within the same time and with the like effect as they may now be issued out of that court." (*Laws of* 1847, *p.* 335, § 55.)

The execution upon the return of which unsatisfied the proceedings supplementary thereto were had, in which the plaintiff was appointed receiver, was issued out of this court. Was the judgment in question a suit or proceeding pending in the court of common pleas on the first Monday of July, 1847? In my opinion it was not either a suit or a proceeding pending on that day. It had been a suit, but was then no longer one, but the suit had ripened into a perfect final judgment. It did not by force of the constitutional provisions referred to, become transferred into either the supreme or the county court. It nevertheless remained a valid judgment, and the legislature, by the provision of the judiciary act referred to, provided that an execution to collect it might be issued out of the county court thereby organized.

It can not be doubted, it seems to me, that this provision was within the conceded powers of legislation, and not in conflict with any provision of the constitution. If it was necessary, in consequence of the lapse of time, to apply for leave to issue the execution, the county court was the tribunal to which the application should be made. The supreme court was nowhere vested with power to order the execution to be issued out of any court. Of necessity the county court has the exclusive control over its own process, and no other court has the power of interfering with it, excepting by review in some form; certainly not to command the issuing or withholding of its process.

I think, therefore, that the proceedings through and by which the plaintiff was appointed receiver were irregular and void, and that he consequently has no standing in court, or title to maintain the action.

These views lead to a reversal of the judgment and a new trial, which should be granted, with costs to abide the event.

Ordered accordingly.

[Monroe General Term, September 5, 1864. *James C. Smith, E. Darwin Smith,* and *Welles,* Justices.]