Sutherland, J.
As to the first of the above entitled actions (Andrews v. The Glenville Woolen Co.), I think it very clear that the plaintiff could not bring the .action, and on the pleadings and proofs, cannot maintain the action, as special receiver of the debts mentioned in the complaint, because: 1. His appointment as such special receiver must be deemed to have been unauthorized and void. Section 294 of the Code does not authorize the appointment of a receiver of the property or debt, which may be ascertained to belong to the judgment debtor, or to be owing to him. Section '297 does authorize the judge to order the property Or «debt to be applied towards the satisfaction of the judg-. ¡ment but does not authorize the appointment of a receiver. Section 298 does authorize the appointment of ¡a receiver of the property of the judgment debtor generally, but does not authorize the appointment of a receiver of a particular debt or debts, or of a certain specified portion or part, or articles of the debtor’s property. ■ This section expressly provides that only <one receivér of the judgment debtor’s property shall "be appointed ; and this provision and the power to appoint a special receiver of particular debts, or property .■ascertained or discovered under section 224 would seem to be inconsistent. The appointment of a special *83 receiver under section 298 would seem to be somewhat inconsistent with the general purpose of the supplemental proceeding.
Moreover, Andrews, the plaintiff, was appointed receiver without notice to the judgment debtor ; and it would seem that a receiver cannot be appointed under section 298 without notice to the judgment debtor. The section provides, that the receiver is to be appointed “inthe same manner,” &c., as if the appointment was made by the court, according to section 244 (See Kemp v. Harding, 4 How. Pr., 178; Dorr v. Noxon, 5 Id., 29; Barker v. Johnson, 4 Abb. Pr., 435). Gibson v. Haggerty (37 N. Y., 555-558) only decides that property of the judgment debtor ascertained or discovered under section 294 may be applied by order of the judge towards the payment of the judgment, without notice to the judgment debtor, and without any supplementary proceedings against the judgment debtor. It does not decide that a receiver may be appointed of such property, under section 298, for the purpose of having the property so applied by a receiver, either with or without notice to the judgment debtor.
2. Concede that the judge has power under section 298 to appoint Andrews receiver of the two specified debts only, without notice to the judgment debtor, yet his complaint shows on its face that he ought not to sustain his action as such special receiver, for the complaint shows on its face that he, as such receiver, was not the proper person or party to bring an action to collect, or in aid of the collection of the debts, which had been attached in the action of Cousinery & Craig against the Connecticut corporation, and in which action the judgment had been obtained by service by publication. It is stated and claimed in the complaint that the attachment was duly and properly served and the debts attached, and the lien and the force of the attachment and of its service is insisted on. The com *84 plaint therefore shows that Orser, the then- sheriff of Hew York, who attached the debts under section 237 of the Code, or the attaching creditors under section 238, were the proper persons to collect the a'ttached debts or to bring an action in aid of their collection. It may be said that the complaint shows on its face that there was no occasion or excuse for appointing Andrews a special receiver for collecting the attached debts, or for the purpose of bringing this action for the purpose of aiding their collection. It may be said, I think, that the appointment of Andrews as special receiver to bring this action, and his claimed right to bring and maintain it as such special receiver,. are plainly shown by the complaint itself to be inconsistent with the claim and statement in the complaint, that the debts had been duly and properly attached.
3. It cannot be pretended that Andrews was appointed receiver to collect or preserve the debts pendente lite. The complaint does not show that there was any pending litigation, of which the debts were the subject within the meaning of the rule or principle allowing a receiver to be appointed pendente lite. The complaint in the action by Andrews as receiver must be dismissed on the grounds which have been stated, without adverting to any other question in the case.
And I think it follows, the complaint in that action being dismissed, on the grounds stated, that the complaint in the second above mentioned action (Isham v. Andrews) should also be dismissed.
I think, under the circumstances, that the complaints in both actions should be dismissed without costs.*
Order accordingly.

 It was subsequently held by the court of appeals that the fact of the appointment of a receiver, even if concededly valid, did not, without demand or other interference by him, or payment to him, constitute a defense to the action in the name of the company (Glenville Woolen Co. v. Ripley 43 N. Y., 206).

Upon the rendering of this decision, an order was entered appointing O’Brien, the then sheriff, as plaintiff in the action. From this order the defendants appealed to the general term, where the order was affirmed, and the defendants then appealed to the court of appeals, where an order was made on March 28,1871, that the appeal stand over and he decided with the appeal upon the merits.