## N. Y. SUPERIOR COURT.

FRANCIS W. HOLBROOK, receiver, agt. SOLOMON ORGLER, impleaded, &c.

Under and pursuant to the act of 1874, relative to the marine court of New York, that court may entertain supplemental proceedings and execute its own judgments in the same manner as other courts of record, even though a transcript of the docket of its judgments has been filed in the county clerk's office. *Per* MONELL, *C. J.*

Before that act marine court judgments over twenty-five dollars, after being docketed in the county clerk's office, were, in effect, judgments of the court of common pleas, and the judges of the latter court had exclusive jurisdiction. *Per* MONELL, *C. J.*

Although section 294 of the Code allows the examination of a third person alleged to have property of the judgment debtor before the return of the execution, and the authority to appoint a receiver is given by section 298 of the Code; and section 299 provides, that if the person examined claims an interest in the property adverse to the judgment debtor, such interest shall be recoverable only in an action against such person by the receiver, yet the receiver cannot be appointed unless upon an order for the examination of the judgment debtor. This latter order cannot be sustained unless the execution has been returned unsatisfied.

The proceeding under section 294 is merely in aid of the principal proceeding against the judgment debtor, and must be had in connection with it and cannot be resorted to independently of any proceeding against the debtor.

Where an execution was issued and not returned, and, pending its existence, the creditor takes out a proceeding under section 294 against a third party on a claim that he has property of the judgment debtor, and a receiver having been appointed in such proceeding, it was held such appointment was invalid and conferred no right on the plaintiff to sue.

This objection is available by the defendant in the action on an answer controverting the appointment of the receiver and his authority to bring the action.

*General Term, June,* 1875.

. *Before* CURTIS *and* SEDGWICK, *Justices.*

THIS action was brought by the receiver of a judgment debtor appointed in proceedings supplemental to an execution to set aside an assignment in trust of the judgment debtor as fraudulent as to creditors.

On the 21st of July, 1874, a judgment was recovered against Herman Ahrensdorf in the marine court of this city, and a transcript filed in the office of the clerk of the city and county of New York. Thereupon execution upon the judgment was issued to the sheriff of the county, and while in his hands, and before its return, an order was made by a justice of the marine court for the examination of a third person as to property belonging to the judgment debtor, under section 294 of the Code, in which proceeding the plaintiff was appointed receiver of the property of the judgment debtor. There was no order for the examination of the judgment debtor, nor did it appear that the execution against his property had been returned unsatisfied.

The answer controverted the appointment of the receiver and his authority to bring the action, and alleged that the defendant had, in good faith, executed the trust, and had paid out, in pursuance of them, all the money and property he had received under the assignment. On the trial before chief justice MONELL it appeared that the commissioner had not certified in the certificate of acknowledgment that he knew, or had made known to him, the persons who executed it.

The defendant proved that the assignor and assignee were present before the officer and acknowledged the execution of the assignment. He further proved that he had received and paid out, mostly for expenses, some $700 or $800.

The defendant moved to dismiss the complaint upon the whole case upon the ground, among others, that the plaintiff had not legally been appointed receiver, and therefore had no standing to sue.

*J. S. & C. H. Smith*, for plaintiff

*D. McMahon*, for defendant.

MONELL, *C. J.* — The power of a justice of the marine court to make an order for the examination of a judgment debtor, and in that proceeding to appoint a receiver of the debtor's property, must depend upon the construction and force to be given to the seventh section of the act of 1874, entitled "An act in relation to the marine court of the city of New York " (*Laws of* 1874, *chapter* 545).

Previous to the passage of that statute there was no such power.

The section referred to provides that : " In all cases when judgment shall be recovered in said court, all proceedings supplementary to execution on said judgment, under the provisions of the Code, if had in the city of New York, shall be had and completed in the said marine court in the same manner and with like effect in every particular as now allowed by law in other courts of record ; and all provisions of law relating to such proceedings shall apply to said marine court as fully as they now apply to any other court of record."

Under that statute the marine court may entertain these supplementary proceedings, unless deprived of jurisdiction by the effect of filing a transcript of the judgment in the county clerk's office.

The sixty-eighth section of the Code, which was made applicable to the marine court, provided that upon filing a transcript with the clerk of the county, the judgment shall be " enforced in the same manner and be deemed a judgment of the court of common pleas."

That section was also made applicable to justices' and other inferior courts of cities, not of record.

The marine court at that time was not a court of record except for certain purposes (*Huff* agt. *Knapp*, 5 *N. Y. R.*, 65 ; *Porter* agt. *Bronson*, 29 *How. Pr. R.* 292), but by the

Holbrook agt. Orgler.

act of 1872 (*Laws of* 1872, *chapter* 629), it is declared to be a
court of record for all purposes. That act also provided that
the judgments of the court, docketed with the county clerk,
shall have the same effect as a lien, and be enforced in the
same manner as a judgment of the court of common pleas.
It will be seen that the words " and be deemed a judgment of
the court of common pleas" are omitted, and the repealing
clause of all acts and parts of acts inconsistent with this act,
is an express repeal of the sixty-eighth section of the Code
as respects the marine court. The act of 1874 is still broader.
Section 12 provides that the judgment of the court may be
docketed with the county clerk, and shall thereupon have the
same effect as a lien, " and be enforced in the same manner
as any other judgment of said court," thus changing it from
" the same manner as judgments of the court of common
pleas " and leaving it with the marine court to execute its own
judgment in all cases.

This change in the statute was not noticed in *Matter of
Lippman* (*decided January* 13th, 1875), nor was it neces-
sary that it should be as the judgment in that case had not
been docketed with the county clerk.

It is quite clear therefore, I think, that under the last
statute the marine court is given power to execute its own
judgments in the same manner that other courts of record
may do ; and whether docketed with the county clerk, or
otherwise, an execution may issue from such court, and no
longer need be issued, as is understood to have been the
former practice, out of the court of common pleas.

The Code regulating proceedings supplementary to an exe-
cution has been held to apply to justices' judgments which
had been docketed in the county clerk's office which covered
the judgments of the marine court, which had been docketed
in like manner, and the officer authorized to make the order
was a judge of the court of common pleas.

When the section of the Code was enacted, and down to
the act of 1874, the marine court judgments, after docket in

Holbrook agt. Orgler.

the county clerk's office, were, in effect, judgments of the common pleas, and the judges of that court had exclusive jurisdiction.

But as it was competent for the legislature to relieve the marine court from the operation of the sixty-eighth section of the Code and give it control over its judgments in respect to the manner of executing and enforcing them, it was equally competent to extend its jurisdiction to these supplementary proceedings.

This has been done and the marine court, under the act of 1874, is given the same power over its judgments, and the manner of executing them, as is possessed by other courts of record, and the only effect of docketing in the county clerk's office is to make the judgment a lien on real property, as provided in section 282 of the Code, in respect to the judgments of other courts.

Another objection is that the court cannot appoint a receiver until after the return of the execution unsatisfied.

The two hundred and ninety-fourth section allows the examination of a third person alleged to have property of the debtor before the return of the execution; and the authority to appoint a receiver is given by the two hundred and ninety-eighth section. The two hundred and ninety-ninth section provides that, if the person examined claims an interest in the property, adverse to the judgment debtor, such interest shall be recoverable only in an action against such person by the receiver. There are several decisions affecting this question.

In *Kemp* agt. *Harding* (4 *How. Pr. Rep.*, 178), the appointment of a receiver was made under section 294, but without notice to the debtor, who appealed from the order, and the general term of the fifth judicial district held that, to authorize the appointment of a receiver, in section 298 of the Code, the proceedings should be against the debtor to reach the property generally, and not under the two hundred and ninety-fourth section, of third persons as to property of

the debtor in their hands, and that without such personal proceedings against the debtor, a receiver could not be appointed. That case has been approved in *Baker* agt. *Johnson* (4 *Abb. R.*, 437), where it was held that a receiver, appointed without an order for the examination of the judgment debtor, could have no authority to sue, and in *Sherwood* agt. *Buffalo, &c., R. R.* (12 *How. Pr. R.*, 136), it is said the proceedings under section 294 is merely in aid of the principal proceedings against the judgment debtor, and must be had in connection with it, and cannot be resorted to independently of any proceeding against the debtor. *Danore* agt. *Lee* (16 *Abb.*, 215) was also an appeal from the order, and it was held by the general term of the common pleas that, until the return unsatisfied of an execution, a receiver can, in no case, be appointed.

In *Andrews* agt. *Glenville Woolen Co.* (11 *Abb.* [*N. S.*], 78), the court say : Section 294 does not authorize the appointment of a receiver, nor can a receiver be appointed of a particular debt or a particular article of the debtor's property.

These are sufficient to show the current of decision setting strongly against the power to appoint a receiver, except upon an order for the examination of a judgment debtor, and I think they are sufficiently uniform to serve as a safe guide in determining the objection to the plaintiff's right to sue in this case.

The proceeding supplementary to the execution is similar to if not a substitute for the late creditor's bill, which could not be filed until all legal efforts to collect the judgment had been exhausted. Hence in all cases it was necessary to show that an execution upon the judgment had been issued and returned unsatisfied.

So here the remedies at law must be exhausted against the debtor's property, and then he may be proceeded against to make discovery of his property, and the other proceeding is merely auxiliary to such principal proceeding.

The want of power in the judge to appoint a receiver upon.

an examination under section 294, is vital to the plaintiff's right to sue, and the objection is available by the defendant in this action.

The defendant must have judgment dismissing the complaint, with costs.

From this judgment the plaintiff appealed to the general term, and the cause was heard at the June general term, 1875, before judges CURTIS and SEDGWICK.

*I. S. Smith,* for appellant.

I. The defects related in the opinion were apparent on the face of the complaint. The learned justice held that the plaintiff had no legal capacity to sue upon the cause of action set forth in the complaint. This objection should have been taken by demurrer. It was waived by the omission to demur on that ground. It cannot be urged in such case on the trial or on appeal (*Code, sec.* 144, *sub.* 2; *sec.* 148; *Palmer* agt. *Davis,* 28 *N. Y.,* 247; *Mösselman* agt. *Caen,* 34 *Barb.,* 68, CLERKE, *P. J., cited* 25 *N. Y.,* 586; *Robbins* agt. *Wells,* 18 *Abb.,* 191). The controverting of allegations of complaint merely and only put in issue the fact of the existence of the papers mentioned. These produced, plaintiff's case is so far good (*Spencer* agt. *Hilton,* 10 *Wend.,* 608).

II. The order of the judge of the marine court, appointing plaintiff receiver cannot be attacked collaterally in this action (*Le Guin* agt. *Gouveneur,* 1 *Johns. Cases,* 492; *Embury* agt. *Conner,* 3 *Cow.,* 511, 522; *Nisson* agt. *Chamberlin,* 3 *Cow.,* 331; *Wilcox* agt. *Jackson,* 13 *Pet.,* 511; *People* agt. *Sturtevant,* 9 *N. Y.,* 263; *Bangs* agt. *Duckenfield,* 18 *N. Y.,* 597; *Fisher* agt. *Hepburn,* 48 *N. Y.,* 53; *Kinner* agt. *Kinner,* 45 *N. Y.,* 542; *Peck* agt. *Jenness,* 17 *Curtis U. S. Sup. Court,* 327).

III. Plaintiff was entitled to recover. The assignment was void on its face. The acknowledgment was fatally defective. The clause certifying that the parties were known to

the officer was essential to the legal composition of the form of the acknowledgment required to be indorsed on the instrument before delivery (1 *R. S.*, 758, *sec.* 9 ; 758, *sec.* 15 ; *Laws* 1860, *ch.* 348, *sec.* 1 ; *Treadwell* agt. *Sackett*, 50 *Barb.*, 440 ; *Miller* agt. *Link*, 2 *Supreme*, 86 ; *Kircheis, recr.*, agt. *Schloss*, *decided June* 2, 1875).

*D. McMahon*, for respondent.·

I. The plaintiff sued as receiver of the property of Herman Ahrensdorf, under sections 294 and 298 of the Code. The order appointing him receiver is dated July 31st, 1874. The execution was not returned until September 17th, 1874, so that his receivership was based entirely upon section 294, which is a proceeding in aid of an execution already issued, but not returned, to reach property of the judgment debtor in the hands of a third person. The plaintiff, therefore, does not stand in the light of a receiver under a creditor's bill, or upon the return of an execution unsatisfied. Such being the case, the respondent below contended that the plaintiff could not sustain his action for the following reasons :

1. He had proven that he filed his transcript of judgment in the county clerk's office of New York. By section 68, it becomes a judgment of the court of common pleas of the city and county of New York ; and the court of common pleas alone had jurisdiction to appoint the receiver. Such is the result of judge DAVIS' decision in the case of *Phillips* agt. *The City Marshal*. The laws of 1874 were only intended to vest the marine court with the powers of a court of record in supplementary proceedings where the judgment itself had not become, by the filing of a transcript in the county clerk's office, a judgment of the court of common pleas.

2. He could not sustain his action because his appointment as a receiver under section 294, the execution not having been returned and the judgment debtor being no party to it,

Holbrook agt. Orgler.

was invalid (*Kemp* agt. *Harding*, 4 *How.*, 198; *Andrews* agt. *Glenville Woolen Co.*, 11 *Abb. P. R.* [*N. S.*], 78).

If valid, as an appointment under section 294, it was only with certain limited powers, viz., to recover a debt due from a third party to a judgment debtor, or specific property held by a third party and unquestionably belonging to the judgment debtor. As such limited receiver he had no power to set aside an alleged fraudulent conveyance (*Weyman* agt. *Childs*, 44 *Barb.*, 403; *Allbaugh* agt. *Walcott*, 46 *N. Y. Reps.*)

3. The plaintiff could not sustain his action because it appears by his own proof that the execution on this judgment, on which he was appointed, was not returned unsatisfied before he was appointed receiver.

The judge below sustained the last ground and his reasoning is conclusive.

II. The plaintiff, even if a receiver, could not sustain his action because the ground upon which he seeks to set aside the assignment in question was that it was not properly acknowledged, and the certificate of such acknowledgment duly indorsed upon such assignment before its delivery.

The certificate of acknowledgment is sufficient under the act of 1860 (*p.* 594, *ch.* 348, *sec.* 1). That statute does not, in case of acknowledgment of conveyances of real estate, prescribe the form of the certificate, nor does it provide that the form of such acknowledgment shall be the same as in cases of acknowledgment of conveyances of real estate; but the statute of 1860 simply directs that the instrument shall be in writing, shall be duly acknowledged before an officer authorized to take acknowledgments of deeds, and the certificate of such acknowledgment shall be indorsed on the instrument, all of which was done in this case.

This assignment, in fact, passed no real estate.

III. The provisions of the statute of 1860, are merely directory so far as regards the indorsement of the proper certificate (*Ireland* agt. *Rathbun*, 39 *N. Y.*, 369).

Ahrensdorf, the assignor, in his testimony, proved distinctly

the fact of acknowledgment of himself and of his assignee, before delivery of the assignment, of its execution. He proved that the assignee took possession and acted under the instrument. The act of 1860, therefore, was complied with:

1. In the execution of the instrument.

2. In its delivery.

3. In its acknowledgment.

4. In acting under it in strict conformity with the act.

The claim that the officer did not give the proper certificate ought not to vitiate it, inasmuch as in that respect the statute is merely directory. The omission of the acknowledging officer to give the proper certificate, should not make the instrument fraudulent and void as to creditors.

The case of *Miller* agt. *Link* (2 *S. C. R.*, 86), is not precisely in point, because in that case the judge, who delivered the opinion of the court, alludes to the fact in his opinion that there was no other evidence of the execution of the deed than the certificate of acknowledgment. In our case we proved its execution and acknowledgment.

IV. It is also sufficient, supposing that the certificate should state the fact that the parties who acknowledged the instrument were known to the officer taking the acknowledgment, because in this case the certificates states, "*before me personally came Herman Ahrensdorf and Solomon Orgler, two of the persons described in the foregoing instrument.*"

This shows he knew the parties to the instrument (*Adams* agt. *Houghton*, 3 *Abb. Pr.* [*N. S.*], 46).

V. Prior to the statute (1 *Revised Laws*, 1813, 369, *chap.* 97, § 1, *since codified in* 1 *R. S.*, 769, § 9; *do.*, 1 *R. S.*, 769, § 15), it was held to be unnecessary to set forth in a certificate of any deed of real estate, the fact that the person acknowledging the deed was known to the officer (*Jackson* agt. *Gilchrist*, 15 *Johns.*, 89; *Hunt* agt. *Johnson*, 19 *N. Y.*, 279; *Cowder* agt. *Hopkins*, 10 *Paige*, 183; *Maxwell* agt. *Chapman*, 8 *Barb.*, 579).

Holbrook agt. Orgler.

The Revised Statutes does not apply to the acknowledgment of this assignment.

1. Because under the act of 1860, the assignment is not required to be by deed.

2. The assignment in question passed no real estate.

The leasehold property the man owned, which was personal estate, was brought to an end by the landlord ejecting the assignor for non-payment of rent prior to the execution and delivery of the assignment.

3. As an instrument conveying personal property, it was good because it was acknowledged, and the assignee had taken possession, and had turned the property into cash prior to the plaintiff acquiring any specific lien upon the property assigned.

4. The first section of the act of 1860, does not, as before maintained, require the certificate of acknowledgment to be in the form required as to acknowledgments of deeds of real estate.

CURTIS, J., delivered the opinion of the court.

The proposition contended for by the appellants is substantially this: That after the issuing and before the return of an execution, upon an affidavit that any person has property of the judgment debtor or is indebted to him in an amount exceeding ten dollars, a judge may appoint a receiver of all the property, debts, equitable interests, rights and choses in action of the judgment debtor with all the powers of a receiver to take possession, hold and dispose of the same, precisely as though appointed under a creditor's bill, or in proceedings supplementary to execution, after the return of an execution unsatisfied. It might be hard and oppressive, while an execution is in the sheriff's hands that will be satisfied by a levy and sale, or by the efforts of the judgment debtor to meet it, that without waiting for the return of the process, and simply upon the affidavit above referred to, a receiver with such powers should be appointed and competent among other acts to subject the property of the judg-

Holbrook agt. Orgler.

ment debtor to the burden and expenses of a great variety of litigations. The jurisdiction of the court of chancery in reference to creditor's bills, defined and confirmed by the Revised Statutes, was limited to those cases where the execution had been returned unsatisfied; the creditor was compelled to exhaust his legal remedies, before resorting to a court of equity. It may well be doubted whether the framers of the Code intended to change the rule. It is evident that they sought to simplify and abridge the former proceedings, to obtain payment of a judgment after the return of an execution unsatisfied, and that if they had intended to establish the new remedy of appointing a receiver, and obtaining satisfaction prior to the return of the execution unsatisfied, it is but just to presume that they would have used some language manifesting such intention. A careful examination of the provisions of the Code, upon which the appellant bases this claim, fails to disclose any such language. So far as this question has come before the courts for consideration, it seems to have been held that there was no power to appoint a receiver except when an order for the examination of a judgment debtor had been first obtained (*Wayman* agt. *Childs*, 44 *Barb.*, 403 ; *The Ocean Nat. Bank* agt. *Olcott*, 46 *N. Y.*, 18 ; *Darrow* agt. *Lee*, 16 *Abb. Pr.*, 215 ; *Kemp* agt. *Harding*, 4 *How. Pr.*, 178 ; *Andrews* agt. *The Gleanville Woolen Co.*, 11 *Abb.* [*N. S.*], 81).

No order for the examination of the judgment debtor had been obtained in the present case, and consequently there was a want of power in the judge to appoint the receiver. He is, therefore, without legal capacity to act as such. The answer places his authority to so act in issue. The objection was available and duly taken by the defendant, and is one that is fatal to the plaintiff's capacity and right to sue. It becomes unnecessary to consider the remaining question raised by the appeal. The judgment appealed from should be affirmed, with costs.

Judgment affirmed.