By the Court.—Curtis, J.
The proposition contended for by the appellants is substantially this, that after issuing and before the return of an execution upon an affidavit that any person has property of the judgment debtor or is indebted to him in an amount exceeding ten dollars, a judge may appoint a receiver of all the property, debts, equitable interests, rights and choses in action of the judgment debtor, with all the powers of a receiver to take possession, hold and dispose of the same, precisely as though appointed under a creditor’s bill, or in proceedings supplementary to execution after the return of an execution unsatisfied.
It might be harsh and oppressive, while, an execution is in the sheriff’s hands that will be satisfied by a levy and sale, or by the efforts of the *40 judgment debtor to meet it, that without waiting for the return of the process and simply upon the affidavit above referred to, a receiver with such powers should be appointed, and competent among other acts to subject the property of the judgment debtor to the burden and expenses of a great variety of litigations. The jurisdiction of the court of chancery in reference to creditors’ bills, defined and confirmed by the Eevised Statutes, was limited to those cases, where the execution had been returned unsatisfied. The creditor was compelled to exhaust his legal remedies, before resorting to a court of equity.
It may well be doubted whether the framers of the Code intended to change this rule. It is evident that they sought to simplify and abridge the former proceedings to obtain payment after the return of an execution unsatisfied ; and if they had intended to establish the new remedy of appointing a receiver, and obtaining satisfaction priorto the return of the execution unsatisfied, it is but just to presume, that they would have used some language manifesting such intention. A careful examination of the provisions of the Code upon which the appellant bases this claim, fails to disclose any such language.
So far as this question has come before the courts for consideration, it seems to have been held, that there was no power to appoint a receiver, except when an order for the examination of a judgment debtor had been first obtained (Weyman v. Childs, 44 Barb. 403; The Ocean National Bank v. Olcott, 46 N. Y. 18; Darrow v. Lee, 16 Abb. Pr. 215 ; Kemp v. Harding, 4 How. Pr. 178 ; Andrew v. The Glenville Woollen Mill, 11 Abb. N. S. 82).
No order for the examination of the judgment debtor had been obtained in the present case, and consequently there was a want of power in the judge to appoint the receiver. He is therefore without legal capacity to act *41 as such. The answer places his authority to'so act its issue. The objection was available and duly taken, by the defendant, and is one that is fatal to the plaintiffs capacity and right to sue. It becomes unnecessary to consider the remaining questions raised by the appeal.
The judgment appealed from, should be affirmed,, with costs.
Sedgwick, J.s concurred.