## N. Y. COMMON PLEAS.

MINNIE L. MORGAN agt. ANNA VON KOHNSTAMM, now ANNA R. VERDALE.

*Practice — Supplementary proceedings — When and how receiver to be appointed — Examination of a third party — Code of Civil Procedure, section 2464.*

In a proceeding for the examination of a third party, a receiver cannot be appointed without notice to the judgment debtor.

Where such judgment debtor is entitled to the income for life of a trust fund under a will, the executors of the trust cannot be restrained from applying the proceeds of the trust.

There was no authority under the former Code for the appointment of a receiver in a proceeding for the examination of a third party, alleged to have property of, or to be indebted to the judgment debtor. A receiver . could be appointed only in a proceeding instituted for the examination of a judgment debtor.

By the provisions of the Code of Civil Procedure, section 2464, a receiver cannot be appointed before an order or warrant, to be examined, is

served upon the judgment debtor, without ten days' notice to the judgment debtor, unless he cannot, after due diligence, be found in the state.

*General Term, December*, 1880.

DALY, *Ch. J.* — This was the examination by order of a third party, in a proceeding supplementary to execution, in which proceeding an order was made, without any notice to the judgment debtor, appointing a receiver and enjoining the executors of a trust fund under a will, from making any disposition of the property so held by them in trust. The trust created by the will was to apply the rents, issues and profits of the sum of $13,000, which the executors were directed to invest, to the use of Hannah Von Kohnstamm, the judgment debtor, during her natural life.

There was no authority under the former Code for the appointment of a receiver in a proceeding for the examination of a third party alleged to have property of, or to be indebted to, the judgment debtor. A receiver could be appointed only in a proceeding instituted for the examination of a judgment debtor.

It was so held in several reported cases, and has been held in a comparatively recent case (*Holbrook* agt. *Ogler*, 40 *N. Y. Sup. Ct. R.*, 33; *id.*, 49 *How.*, 289), in which the question was carefully considered by chief justice MONELL, at special term, and afterwards by the general term, upon appeal, and in which case the prior decisions were all reviewed. By the provisions of the new Code, section 2464, a receiver cannot be appointed before an order or warrant, to be examined, is served upon the judgment debtor, without two days' notice to the judgment debtor, unless he cannot, after due diligence, be found in the state.

In addition to this, the injunction restraining the executors from applying the proceeds of the trust to the use of the *cestui que trust*, for such was its effect, was improper. All that could be reached, to be applied to the satisfaction of the judgment, would be a surplus beyond what was necessary for the

judgment debtor's support, and this could be done only by an equitable action in which the judgment debtor and executors would have to be made parties, as in *Williams* agt. *Thorn* (70 *N. Y.*, 270).

The order should be reversed.

---

# COURT OF APPEALS.

John Zimmerman *et al.*, plaintiffs and respondents, agt. Prosper Erhard *et al.*, defendants and appellants.

*Partnerships— Use of the words " & Co.," when representing the wife, not a violation of the statute — Goods sold on different days on credit constitute a separate and distinct cause of action.*

The statute (*Laws of* 1833, *chap.* 281) which provides that "no person shall transact business in the name of a partner not interested in his firm, and when the designation ' & Co.' is used, it shall represent an actual partner or partners," is highly penal, and the use of the words " & Co.," when representing the wife of such person, is not a violation of the statute. The name of the wife when so used is a real one and the words " & Co.," when so employed, are in no sense fictitious.

Where goods are sold on different days, each sale constitutes a separate and distinct cause of action, and the plaintiff may, at his election, bring separate actions for each, or for all of them together.

*Decided December*, 1880.

The plaintiffs, John and Mary Zimmerman, sued in the New York marine court to recover a bill of goods sold by them to the defendants. It appeared that the plaintiffs did business under the firm style of " J. Zimmerman & Co.," and the goods were sold by them in their copartnership name. Upon the trial before Mr. justice McAdam it was objected : 1. That as the plaintiffs were husband and wife, they could not and did not form a legal partnership, and that the use of