ALONZO ALFORD v. HENRY BERKELE and Others.

DAVID THORNTON, Receiver, Respondent.

WINCHESTER REPEATING ARMS COMPANY, a Judgment Creditor, Appellant.

*Receiver — of a firm, may be appointed without notice to a non-resident partner.*

In an action brought by one partner, against his copartners, to procure a dissolution of the partnership, the court may upon the application of the plaintiff and the appearance of the resident partners, appoint a receiver of the firm assets, without notice to one of the defendant partners, who is a non-resident. Section 713 of the Code of Civil Procedure does not apply to such cases.

Appeal from an order made at a Special Term denying a motion of the Winchester Repeating Arms Company to vacate and set aside the appointment of David Thornton, as receiver of the firm of Alford, Ward, Davenport & Co.

The motion was made on the ground that the receiver was appointed without notice to defendant Ward, and on the ground of an alleged non-compliance with section 713 of the Code of Civil Procedure.

*George S. Hastings*, for the appellant.

*Sidney S. Harris*, for the respondent.

Barnard, P. J.:

We are of the opinion that section 713 of the Code is not applicable to this case. The plaintiff and defendants are partners. The partnership has no fixed term to run, but may be terminated

at the will of the parties. They disagreed and cannot harmoniously settle up the business. The partnership owes debts, and the plaintiff has a greater interest in the partnership, by reason of putting in a larger portion of the capital, than the other members of the firm. The complaint stated that the defendant Wild was a non-resident of the State, and kept away to embarrass the business by his neglect. The plaintiff applied for a receiver. The defendants, other than Wild, appeared by counsel and opposed. A receiver was appointed without notice to Wild. If the case is not under section 713, Code, the objection that Wild was not served, is not good. It was always the rule of the Court of Chancery to appoint a receiver in like cases without notice to a non-resident partner. (*People* v. *Norton*, 1 Paige, 17; *Verplanck* v. *Mercantile Ins. Co.*, 2 id., 438; *Bloodgood* v. *Clark*, 4 id., 574.)

There was then, and there is now, no way to serve a notice of motion out of the State. Section 713, Code, provides for cases in addition to cases specially provided by law. Section 1947, Code, specially gives power to the court to appoint a receiver in cases of partnership.

The order should be affirmed, with costs and disbursements.

DYKMAN and PRATT, JJ., concurred.

Order refusing to vacate order appointing a receiver affirmed, with costs and disbursements.