McAdam. C. J.
— Frederick Hackman, a third person, having property belonging to the judgment debtor, was examined under an order supplementary to the issuing and before the return of the execution herein.
The plaintiff moves for the appointment of a receiver, and the third person objects that the application cannot be founded on the examination of the third person, particularly before the return of an execution unsatisfied. It was held under the old Code that a receiver could not be appointed where supplementary proceedings were instituted before the return of the execution (Darrow agt. Lee, 16 Abb. Pr., 215). Mr. Throop, in a note to his edition of the Code (see note preceding sec. 2464), says: “ The books are full of cases where the validity of such appointments has been tacitly, if not expressly recognized,” and he refers to Tillotson agt. Wolcott (48 N. Y., 188), and West Side Bank agt. Puglsey (47 id,., 368). He adds “ that the practice of appointing a receiver in proceedings taken before as well as after the return of an execution, had become so inveterate that the commissioners were unwilling to propose its abrogation.”
In order to effectually preserve the right to appoint a *49 receiver before, as well as after, the return of an execution, section 2464 provides that, “at any time after making the order requiring the judgment debtor, or any other person, to attend and be examined, the judge * * * may make an order appointing a receiver of the property of the judgment debtor,” &c.
The same section provides for notice to the judgment debtor and for cases in which such notice may be dispensed with. In the present instance the. judgment debtor could not be found, and the judge dispensed with notice to him. Section 2441, in regard to supplementary proceedings against third persons, is in harmony with section 2164 {supra), and clearly indicates that a receiver may be appointed upon such an examination, either before or after the return of the execution.
The fact that section 2446 authorizes the judge to make an order permitting the third person to pay the sheriff on account of the execution in his hands, money conceded to be due to the judgment debtor, and the additional fact that section 2447 authorizes the judge to make an order directing the third person to deliver over property in his possession to the sheriff, does not limit the power of the judge, for the section last referred to provides that the money -or property be delivered to the sheriff, “ unless a receiver has been appointed,” &c.
The fact of indebtedness to the judment debtor is conceded by the third person, but the amount has not as yet been fully ascertained, so that no order for the payment over of a specific sum can be made.
It follows, therefore, that the application for the appointment of a receiver is appropriate, and that the application, therefore, must be granted..