(3 Misc. Rep. 558.)

## GRACE v. CURTISS.

(City Court of New York, General Term.　May 9, 1893.)

RECEIVER—APPOINTMENT WITHOUT NOTICE.

> An order appointing a receiver of a judgment debtor's property, made without notice of the application, is void, though it recites that no notice could with "reasonable diligence" be given, since Code Civil Proc. § 2464, requires notice in all cases except when the judge is satisfied that the judgment debtor cannot "with reasonable diligence be found within the state."

Appeal from special term.

Action by Annie Grace against Bella Curtiss, which resulted in a judgment in plaintiff's favor. From an order denying defendant's motion to vacate an order appointing a receiver, and directing payment of certain funds to such receiver, defendant appeals. Reversed.

Argued before EHRLICH, C. J., and NEWBURGER, J.

William H. Sage, for appellant.

M. E. Duffy, for respondent.

NEWBURGER, J. On the 13th day of February, 1893, an order was made herein for the appointment of a receiver of defendant's property. It appears that judgment was entered against the defendant, and thereafter an order for the examination of a third person was issued herein; that the examination under said order disclosed that the defendant was the beneficiary of a trust created for her and her children by her husband, from whom she was separated. Upon such testimony the order for the receiver was made without notice to the defendant. On the 15th day of February, 1893, an order was made ex parte, requiring the trustee to pay over to the receiver the funds in his hands. Subsequently a motion was made to vacate the order appointing a receiver and the order directing the payment of the trust funds to the receiver. A motion to vacate said orders was denied, and this appeal is now taken from such denial. The order appointing the receiver was made without notice to the defendant, and is therefore void. Section 2464 of the Code provides that at least two days' notice of the application for an order appointing a receiver must be given

personally to the judgment debtor unless the judge is satisfied that · he cannot with reasonable diligence be found within the state. It does not appear that the defendant could not be found within the state. The order simply states that notice to the judgment debtor cannot with due diligence be given. This is not sufficient. Morgan v. Von Kohnstamm, 9 Daly, 355. For these reasons the orders appealed from must be reversed, with costs.