## HENRY v. FURBISH.

(City Court of New York, General Term. December 27, 1899.)

1. SUPPLEMENTARY PROCEEDINGS—RECEIVER—APPOINTMENT—NOTICE TO DEBTOR.

Under Code Civ. Proc. § 2464, authorizing appointment of a receiver in supplementary proceedings on two days' personal notice to the judgment debtor, unless the judge is satisfied that he cannot with reasonable diligence be found in the state, the court has no power to make an order dispensing with such notice on an affidavit by the creditor's attorney that he had made a search for the debtor, and could not find him, and that another had informed him that the debtor was out of the state, without showing what basis the latter had for his belief, or what affiant had done in his attempt to find the debtor.

**2. SAME—AFFIDAVIT.**

Under Code Civ. Proc. § 2458, providing that, in order to entitle a judgment creditor to the appointment of a receiver in supplementary proceedings, an execution must have been issued to the sheriff of the county where the debtor resides, and returned unsatisfied, an affidavit for the appointment of a receiver in such proceedings, reciting that a judgment was obtained and docketed in New York county, that an execution thereon was issued to the sheriff of the counties of New York or Kings, and that the debtor resided in New York county at the time of the commencement of the proceeding, is sufficient.

Appeal from special term.

Application by Charles C. Henry for the appointment of a receiver of the property of Frank R. Furbish in supplementary proceedings on a judgment. A receiver was appointed, and from an order denying the judgment debtor's motion to vacate the order appointing him, defendant appeals. Modified.

Argued before SCHUCHMAN and O'DWYER, JJ.

John Naumer, for appellant.
Charles S. Daley, for respondent.
Logan, Demond & Harby, for receiver.

SCHUCHMAN, J. This proceeding was begun by obtaining a third-party order in supplementary proceedings for the examination of Norton Chase, as receiver, appointed of the above-named judgment debtor in a supreme court proceeding. Chase appeared, pursuant to said order, and was examined. Upon his testimony there given, and an affidavit made by Mr. Daley in which he states: "I have made a search for the judgment debtor herein, but cannot find him. I have been informed by Norton Chase, the receiver of the property of the judgment debtor, that the said judgment debtor is now without the state of New York, and is somewhere in the South, and is not now within this state,"—the court was moved to dispense with notice to the judgment debtor, and to extend the receivership of Chase to this proceeding, which motion was granted. Two days thereafter the judgment debtor, upon an order to show cause, moved at special term to vacate the said order extending the receivership, and to dismiss the proceeding. This motion was denied. From the order denying that motion this appeal is taken.

Section 2464 of the Code of Civil Procedure provides:

"At least two days of notice of application for the order appointing a receiver must be given personally to the judgment debtor, unless the judge is satisfied that he cannot with reasonable diligence be found within the state."

"Due diligence" has been defined in the case of McCracken v. Flanagan, 127 N. Y. 493, 28 N. E. 385. The facts set forth in Daley's affidavit, as above mentioned, do not amount to reasonable diligence. It simply says, "I have made a search for the judgment debtor, and cannot find him." It does not state where he made the search. The section quoted says: If the judgment debtor "cannot with reasonable diligence be found within the state." The affidavit further states that Mr. Chase, the receiver, informed him that the judgment debtor was in the South; but there is no source whatever shown from which Chase derived his knowledge. For this reason the court

had no power to make the order dispensing with the giving of the two-days notice as required by said section 2464. Failure to give such notice is an irregularity for which the order should be set aside. Strong v. Epstein, 14 Abb. N. C. 342; Grace v. Curtiss (City Ct. N. Y.) 23 N. Y. Supp. 321.

The order appealed from, therefore, as far as it extended the receivership, etc., is reversed; and as far as it denies the dismissal of this proceeding it is affirmed, because the affidavit states that "execution against the judgment debtor was issued to the sheriff of the counties of New York and Kings." It is stated in the conjunctive, and not in the disjunctive; and for that reason we hold the affidavit sufficient to satisfy section 2458 of the Code of Civil Procedure, as far as New York county is concerned. The affidavit fully sets forth that judgment was obtained in the city court; that it was docketed in New York county; that an execution was issued to the sheriff of New York county, where said Furbish at the time of the commencement of this special proceeding resided, and now resides; and that the sheriff has returned said execution unsatisfied. It is to be considered that the defendant, the judgment debtor, makes no affidavit whatsoever on these motions; that his residence is nowhere disclosed; that the affidavit of Lounsbury, the father-in-law of said judgment debtor, is disregarded, because it is verified before John Naumer, as commissioner of deeds, who is the attorney for the judgment debtor on these motions.

No costs to either side on this appeal. Order modified as stated herein.

O'DWYER, J., concurs.