JONES and others *vs.* BACH and others. ·

Legal proof of the identity of the persons appearing before an officer for the purpose of acknowledging the execution of an instrument, is necessary, when the officer has no previous knowledge of them. A mere introduction, at the time, is not sufficient.

When this previous knowledge does not exist, the officer must take satisfactory evidence, under the solemnity of an oath or formal affirmation, of the identity of such persons.

THE question in this case was, whether an assignment of property in trust for the benefit of creditors, was properly acknowledged. The facts are stated in the opinion.

CLERKE, J. It is fully settled, that by the act of 1860, an assignment in trust for the benefit of creditors, must be acknowledged before a proper officer, before delivery. Otherwise it is of no effect. The officer, in taking the acknowledgment, must be governed by the provisions of the Revised Statutes regulating the proof and recording of conveyances of real estate. (1 *R. S.* 758, § 9, 15, *marginal.*) The language of section nine is, "No acknowledgment of any conveyance having been executed shall be taken by any officer, unless the officer taking the same *shall know, or have satisfactory evidence,* that the person making such acknowledgment is the individual described in, and who executed such conveyance.

In the case before me, the acknowledgment was made before Peter J. Gage, a notary public, on the 1st of August, 1866. He testifies that on the said day, he was sent for by Mr. Joachimssen, the counsel of the persons who were to execute the instrument; his office being in the same building with Mr. Joachimssen. They were then first introduced to him by that gentleman; they then executed it, in his presence. He had no doubt, from knowing Mr. Joachimssen, that they were the gentlemen represented in that paper. Consequently, on that introduction, he took the acknowledgment, as a notary public. He had no personal knowledge of them before that day.

Jones *v.* Bach.

Is this the knowledge contemplated in the section of the statute, which I have quoted ? Is a mere introduction at the moment of execution sufficient ? Is it left to the discretion of the officer to determine what shall constitute the knowledge mentioned in that section ? I think not. The object of all these well considered provisions, relative to the proof and recording of conveyances of real estate, was to protect the owners of property, and their creditors, against forgery, as well as to secure the rights of grantees and mortgagees against spurious and fraudulent conveyances. Would this object be effected by the manner in which the acknowledgment in this case was made ? Any one could be falsely personated without check, or liability to punishment for crime, if a mere introduction, at the moment, shall authorize the officer to take the acknowledgment. The person who introduces, if this statement is false, only commits a falsehood ; but if he is sworn as to the truth of his statement, should it be knowingly false, he is guilty of perjury, and liable to prosecution for a felony. In addition to these considerations, I think an unsworn introduction was not contemplated by the framers of the section, because it says, " shall know *or* have satisfactory evidence." A person gives *evidence* only on oath ; and this evidence is only required where there is no knowledge, which must mean previous knowledge ; for if the knowledge acquired only at the moment is sufficient, the clause in the alternative, requiring " *satisfactory* evidence," is superfluous.

These views, or rather the conclusions deducible from them, are, I think, supported by the general term of this district, in *Watson* v. *Campbell*, (28 *Barb.* 421.)

I hold, therefore, that legal proof of the identity of the persons appearing before an officer for the purpose of acknowledging the execution of an instrument, is necessary when the officer has no previous knowledge of them ; that a mere introduction at the time is not sufficient ; and when this previous knowledge does not exist, the officer shall take satis-

factory evidence, under the solemnity of an oath, or of a formal affirmation, of the identity of such persons.

Judgment for the plaintiffs, in conformity with the prayer of the complaint, with costs.

[NEW YORK SPECIAL TERM, April 1, 1867. *Clerke*, Justice.]