Treadwell v. Sackett.

[NEW YORK SPECIAL TERM, October 7, 1867. *Clerke*, Justice.]

TREADWELL *vs.* SACKETT and others.

Where an assignment in trust for the benefit of creditors, made by a partnership firm, is executed by all the partners, the acknowledgment which the statute requires should also be made by all.

An acknowledgement, made before an officer who had no previous knowledge of the parties, and who received no sworn evidence of their indentity, at the time of execution, is, fatally incomplete, and the defect renders the instrument null and void.

Where an assignment was executed by five partners, but the officer taking their acknowledgment, testified that he had personal knowledge of the

identity.at most, of only two of the parties, previous to the acknowledgment, and of the other three a very vague and indistinct knowledge ; *Held* that the acknowledgment was fatally defective.

THE only question in this case was whether all the members of a partnership firm, executing an assignment of property in trust for the benefit of creditors, were previously known to the officer who took their acknowledgment ; it not being claimed that he took any proof of their identity.

CLERKE, J.   As it is necessary that every partner should unite in the execution of an assignment in trust, except when some of the partners abscond and give authority, express or implied, to those remaining to execute such an instrument, (*Welles et al.* v. *March et al.* 30 *N. Y. Rep.* 344,) it is equally necessary that when all execute it, the acknowledgement which the statute requires, should also be made by all.   I have already decided in *Jones et al.* v. *Bach et al.* (48 *Barb.* 568,) that an acknowledgement made before an officer who had no previous knowledge of the parties and who received no more evidence of their identity, at the time of execution, was fatally incomplete, and the defect rendered the instrument null and void.

The only question which I have to consider on this point, in the present case, is, whether all the parties to the instrument in the case before me were previously known to the officer who took their acknowledgment ?   It is not pretended that he took sworn evidence of their identity.

The officer, Mr. Cadwallader, testifies that all the five parties were present at the time of execution, and that all executed and acknowledged it at the same time.   In answer to the question, how many and which of them he had previously known, he said that certain of these people, but as to which he could not say, were known to him ; that is they had been in his office in the same way ; they had come there and signed papers ; but which of them, he could not specify. He was asked if he had any recollection of having ever met

any one of them at any social or business place before that time. He answered : " Certain of these people, I think two or three of them, have been in my office, but which ones I cannot state." So that it is evident that he had personal knowledge of the identity, at most, of only two of the parties, previous to the acknowledgement, and of the other three a very vague and indistinct knowledge. If then it is necessary that all the parties to an instrument of this kind should have been previously known to the officer before whom the acknowledgment has been made, it is clear that in this case the acknowledgment is fatally defective. Even if he intimately knew some of the parties, and knew nothing previously of the others, the same result would follow. .

There must be judgment for the plaintiff, in conformity with the prayer of the complaint.

[NEW YORK SPECIAL TERM, October 7, 1867. *Clerke*, Justice.]