IN THE MATTER OF THE ASSIGNMENT OF JAMES LEAHY TO HENRY H. STOTESBURY, FOR THE BENEFIT OF CREDITORS.

### [SPECIAL TERM.]

(Decided October 28th, 1878.)

Under the General Assignment Act of 1877, if no inventory is filed within thirty days, as required by the act, the assignment is void not only as to creditors, but as between the parties, and no proceedings either under the General Assignment Act of 1877 or that of 1878, for the removal of the person named in such assignment as assignee, or for an accounting by him, can be maintained.

APPLICATION by Herman Hahlo and others, creditors, for the removal of Henry H. Stotesbury, a person named as assignee in an assignment made by James Leahy, from the office of assignee, and to compel an accounting.

*Blumenstiel & Ascher*, for application.

*James Dunne*, opposed.

JOSEPH F. DALY, J.—The General Assignment Act of 1877 (§ 3, subd. 5), provides and declares that in case an inventory shall not be made and filed within thirty days by the debtor or the assignee the assignment shall be void. This express enactment cannot be disregarded nor limited. An assignment declared void is as if it had never been. There are no longer assignors or assignees. If the person named as assignee have property which he received under the void instrument, he has no title to it; it may be seized on process against the assignors, and its proceeds in the " assignee's " hands may be reached by appropriate actions by any creditor. But no trust based upon the assignment as a valid instrument can be enforced, because the assignment does not exist. Proceedings under the General Assignment Acts of 1877 and 1878 affirm the existence of an assign-

ment, and if there be no assignment the proceedings cannot be maintained.

Such is the position of the parties before me. The assignment of James Leahy to Henry H. Stotesbury was dated and made on December 11th, 1877, pursuant to the statute first cited. The assignee accepted the trust pursuant to the first section of the statute. But no inventory or schedule was ever filed by the debtor or by the assignee pursuant to the third section of the act. It followed that after thirty days, or on January 11th, 1878, the assignment was void. This left the title of all the property in the assignor. He sold it afterwards by a regular bill of sale to the assignee, who secured or paid to the creditors of the assignor a composition of thirty per cent. The petitioning creditors did not, as they claim, join in the agreement for thirty per cent., and now claim the right to call the assignee to account. This cannot be done under the general assignment acts, as before stated. If Stotesbury be a trustee for the creditors under the arrangement by which he took the estate, an accounting may be had by suit in equity.

It is claimed by the petitioners that the effect of the act of 1877 is to make the assignment void as to creditors, but to leave it valid as between the parties to it. No such limitation is to be found in the statute. Where such an effect is intended, as in the statute of frauds, appropriate language is used to express the intention. In this case the enactment is general and absolute.

The statute of 1878 (general assignment act amended) does not help the case, as the assignment became void before the latter statute was passed.

Petition denied, $10 costs.