OSCAR S. GRADY, as Assignee for the Benefit of Creditors of Oliver & Robinson, Appellant, *against* PETER BOWE, as Sheriff of the City and County of New York, Respondent.

(Decided December 4th, 1882.)

An assignment for the benefit of creditors, of personal property situated in this state, made by non-residents carrying on business within the state, which is signed and acknowledged by the assignors in the state where they reside, but is delivered to and accepted by the assignee here,

must be deemed to have been executed here, and its validity, therefore, is to be determined by the laws of this state.

In an action against a sheriff for levying an attachment upon property claimed by plaintiff as assignee of the persons against whose property the attachment issued, irregularities in the proceedings in the attachment suit subsequent to the levy are not material.

APPEAL from a judgment of this court entered upon the dismissal of a complaint, and from the order dismissing the complaint.

Prior to the 26th of August, 1880, Robert W. Oliver and John Enders Robinson, residing in the City of Richmond, State of Virginia, had been conducting the tobacco business in said City of Richmond and also in the City of New York.

On said 26th of August, said Oliver & Robinson signed an instrument and acknowledged the same before a commissioner of deeds for the State of New York residing in said City of Richmond, whereby they purported to bargain, sell, transfer, assign and convey unto one Oscar S. Grady, the party of the second part named in said instrument, all their personal property and stock in trade and debts due for goods sold by them in their business in the City of New York, in trust to reduce the same to cash and pay certain of the creditors of said Oliver & Robinson. Said instrument was sent by said Oliver & Robinson to the City of New York after being signed and acknowledged by them, and was on the 1st day of October, 1880, delivered to said Grady, who thereupon executed an instrument accepting the said trust, and acknowledged the same before a notary public in said City and County of New York. The said Grady thereupon took possession of the property mentioned in said deed of assignment and proceeded to sell the property. The assignee did not file any bond or schedules as required by the assignment law of the State of New York. On the 14th day of October, in an action commenced in the Supreme Court by the Merchants and Planters' Savings Bank of Richmond against the said Oliver & Robinson and one Mathews, mentioned in said assignment, an attach-

ment was duly issued against the property of the defendants in that action, under which attachment the sheriff of the City and County of New York, took possession of some of the stock in trade which Oliver & Robinson had attempted to transfer to the said Grady. On the 23d of October, 1880, the said Grady, as assignee for the benefit of the creditors of Oliver & Robinson, commenced this action against the said sheriff for the conversion of the said property. Subsequently other attachments were issued against said defendants Oliver & Robinson and Mathews.

The sheriff in his answer justified the seizure under the attachment upon the ground that the foregoing assignment was fraudulent and void.

Upon the trial of this cause, these facts appearing, the complaint was dismissed and an order entered to that effect, upon which judgment for defendant was entered. From the judgment and the order dismissing the complaint plaintiff appealed.

*Lewis & Clopton,* for appellant.—*First.*—The instrument under which plaintiff claims is a Virginia instrument, and is to be interpreted by the laws of Virginia, and not by those of New York. The fact that plaintiff accepted the instrument in writing at the City of New York does not alter it from a Virginia to a New York instrument. It was not necessary to the validity of the instrument that he accept it at all. It is a principle of equity that a trust shall never fail for the want of a trustee (Story on Equity Jurisprudence, § 1059).

(A.) Personal property has no *situs*, but follows its owner, and a voluntary transfer of it, valid by the laws of the owner's domicile, is valid everywhere, except where the property is situated in another state or country from that of the owner's domicile, and the transfer is in conflict with the interests of the state where it is situated, or its citizens (Story on Conflict of Laws, §§ 379–384; 2 Kent's Comm. 429; *Guillander* v. *Howell*, 35 N. Y. 658; *Western Transp. &c. Co.* v. *Kilderhouse*, 87 N. Y. 430; *Bascom* v.

*Albertson*, 34 N. Y. 587; *Chamberlain* v. *Chamberlain*, 43
N. Y. 432; *Lawrence* v. *Kitteridge*, 21 Conn. 577; *Moultrie*
v. *Hunt*, 23 N. Y. 394; *Ockerman* v. *Cross*, 54 N. Y. 29;
*Parsons* v. *Lyman*, 20 N. Y. 112; *Holmes* v. *Remsen*, 4
Johns. Ch. 460; *Andrews* v. *Heriott*, 4 Cowen 516, and
cases cited; *Van Buskirk* v. *Warren*, 41 N. Y. 119; *Kelly*
v. *Crapo*, 45 N. Y. 86).

(B) In the transfer of personal property there is a broad
distinction to be kept in view between *voluntary* and *involuntary* transfers, where the question as to the validity of
the transfer is raised in a different jurisdiction from that
where the instrument is made, the courts always holding
the former valid everywhere, if they are valid by the laws
of the grantor's domicile, while the latter are held to have
no force or effect beyond the jurisdiction by which they are
created (*Guillander* v. *Howell*, 35 N. Y. 658; *Bascom* v.
*Albertson*, 34 N. Y. 587; *Chamberlain* v. *Chamberlain*, 43
N. Y. 432; *Moultrie* v. *Hunt*, 23 N. Y. 394; *Parsons* v.
*Lyman*, 20 N. Y. 112; *Van Buskirk* v. *Warren*, 2 Keyes
119; 2 Kent's Comm. 429; *Harrison* v. *Nixon*, 9 Pet. 483;
*Caskie* v. *Webster*, 2 Wall. Jr. 131; *Law* v. *Mills*, 18 Pa.
St. 185; *Frazier* v. *Fredericks*, 24 N. J. L. 166; *Boughton*
v. *Bradley*, 36 Ala. 689; *Maguire* v. *Pingree*, 30 Me. 508;
*Loan Co.* v. *Turner*, 13 Conn. 249; *Watson* v. *Orr*, 3 Dev.
[N. C.] L. 161; *Martin* v. *Martin*, 9 Miss. 176; *Walters* v.
*Whitlock*, 9 Fla. 86; *Rogers* v. *Allen*, 3 Ohio, 488; *Young* v.
*Harris*, 14 B. Monr. [Ky.] 556; *De Sobry* v. *De Laistre*,
2 Har. & J. [Md.] 191; *Clark* v. *Booth*, 17 How. [U. S.]
377; *Dalton* v. *Currier*, 40 N. H. 237; *Forbes* v. *Scannell*,
13 Cal. 241; Burrill on Assignments, § 303; *Hoyt* v.
*Thompson*, 5 N. Y. 352; *Hoyt* v. *Thompson*, 19 N. Y. 224;
*Willits* v. *Waite*, 25 N. Y. 583; 2 Kent's Comm. 406;
*Merrick* v. *Van Santvoord*, 34 N. Y. 208). The view that
an assignment made by a resident of another state has no
effect, and cannot transfer property situate in this state is
not sustained by the cases of *Kelly* v. *Crapo* (45 N. Y. 86),
and *Hibernia Nat. Bank* v. *Lacombe* (84 N. Y. 367), cited
and relied upon by counsel for defendant.

Grady *v.* Bowe.

(C) The transfer of the property in the case at bar was voluntary, and valid by the law of Virginia, the residence of Oliver and Robinson. Under the laws of Virginia plaintiff is a *bona fide* purchaser of the property for value and without notice (*Wickham* v. *Martin*, 13 Gratt. 427; *Exchange Bank of Va.* v. *Knox*, 19 Gratt. 739; *Cannon* v. *Gordon*, 18 Gratt. 394, and cases cited; *Evans* v. *Greenhow*, 15 Gratt. 153). And the deed, being valid under the law of Virginia, operated as a conveyance to the plaintiff of the property in this state, unless it was in conflict with the interests of this state or its citizens (*Parsons* v. *Lyman*, 20 N. Y. 112; *Peterson v. Chemical Bank*, 32 N. Y. 44; *Chamberlain* v. *Chamberlain*, 43 N. Y. 433; *Bank of Augusta* v. *Earle*, 13 Pet. 519; Burrill on Assignments, 363, 372; Story on Conflict of Laws, §§ 278, 282; 2 Parsons on Contracts, 83; *Ockerman* v. *Cross*, 54 N. Y. 29). No law of this state has been violated by the transfer. To render an assignment invalid by being contrary to the laws of a state, it is construed to mean contrary to the statute law (*Ockerman* v. *Cross*, 54 N. Y. 29; *Zipsey* v. *Thompson*, 1 Gray [Mass.] 243; *Bay* v. *Rockford*, 7 Gray [Mass.] 406; 26 Mo. 423; *Guillander* v. *Howell*, 35 N. Y. 657; *Livermore* v. *Jencks*, 21 How. [U. S.] 126; *Baltimore &c. R. R. Co.* v. *Glenn*, 28 Md. 287; *Vosmun* v. *Camp*, 1 Green [N. J.] 329). And the interest of none of its citizens has been prejudiced. The attaching creditors, who are residents of Virginia, and not the sheriff, are the real parties in interest, they having indemnified the sheriff before he took the property (Crocker on Sheriffs, § 412; *Gorham* v. *Gale*, 7 Cowen 739; *Walters* v. *Sykes*, 22 Wend. 566; *Godfrey* v. *Gibbons*, Id. 569; *Sherry* v. *Schuyler*, 2 Hill 204; *Root* v. *Wagner*, 30 N. Y. 17).

*Second.*—The statute of New York, relating to general assignments, is applicable only to assignments made by residents of New York, and does not affect the instrument in question (*Ockerman* v. *Cross*, 54 N. Y. 29; *Sedgwick* v. *Stanton*, 14 N. Y. 291; 5 Cranch, 289; *Hanford* v. *Paine*, 32 Vt. 442; *Wilson* v. *Caison*, 12 Md. 54; *Commonwealth* v.

*Bassford*, 6 Hill 526; 2 Parsons on Contracts, 80; *Hoyt*
v. *Commissioners of Taxes*, 23 N. Y. 224; *Chamberlain* v.
*Chamberlain*, 43 N. Y. 439; *Baltimore &c. R. R. Co.* v.
*Glenn*, 28 Md. 287; *Moore* v. *Willett*, 35 Barb. 664). Plaint-
iff was in possession of the property, before the attach-
ments issued, and there was, therefore, no property in the
present case subject to levy under the attachment (*Green-
tree* v. *Rosenstock*, 61 N. Y. 583; *Callanan* v. *Edwards*, 32
N. Y. 483; *Beckwith* v. *Union Bank*, 9 N. Y. 211; *Paddon*
v. *Taylor*, 44 N. Y. 374).

*Third.*—Neither the attaching creditors nor the sheriff
have any standing in court to impeach the *bona fides* of the
transfer to plaintiff.

(A) The attaching creditors, not being judgment and
execution creditors, but simply general creditors at large,
have no standing in court to impeach the *bona fides* of the
transfer (*Bownes* v. *Weld*, 3 Daly 253; *Crippen* v. *Hudson*,
13 N. Y. 161; *Reubens* v. *Joel*, Id. 488; *Van Heusen* v.
*Radcliff*, 17 N. Y. 584; *Andrews* v. *Durant*, 18 N. Y. 500;
*Dunlevy* v. *Tallmadge*, 32 N. Y. 457; *Beardsley Scythe Co.*
v. *Foster*, 36 N. Y. 565; *Thurber* v. *Blanck*, 50 N. Y. 85;
*Castle* v. *Lewis*, 78 N. Y. 136; *Southard* v. *Benner*, 72 N.
Y. 426; *Geery* v. *Geery*, 63 N. Y. 256).

(B) All the attaching creditors, as well as Oliver and
Robinson, the assignors, being residents of Virginia, where
the assignment was made, as to them, the law of Virginia
must determine the validity of the instrument, and the law
will not allow non-residents to come into our courts and set
up the laws of our state, to invalidate an instrument valid
by the laws of their own domicile; especially as against
plaintiff, a resident of this state (Wharton on Conflict of
Laws, § 369; *Hall* v. *Boardman*, 14 N. H. 38; *Hoag* v. *Hunt*,
21 N. H. 106; *Smith* v. *Brown*, 43 N. H. 44; *Dunlap* v.
*Rogers*, 47 N. H. 287; *Kidder* v. *Tufts*, 48 N. H. 125;
*Whipple* v. *Thayer*, 16 Pick. 25; *Richardson* v. *Forepaugh*,
7 Gray, 546; *May* v. *Wannamacher*, 111 Mass. 202; *Atwood* v.
*Insurance Co.*, 14 Conn. 555; *Plestero* v. *Abraham*, 1 Paige
236; *Abraham* v. *Plestero*, 3 Wend. 540; *Moore* v. *Bonnell*,

2 Vroom [N. J.] 90; *Richardson* v. *Leavitt*, 1 La. Ann. 430; *Einer* v. *Deynoodt*, 39 Mo. 69; *Thurston* v. *Rosenfield*, 42 Mo. 474; *Rhode Island Bank* v. *Danforth*, 14 Gray, 123; *Ward* v. *Morrison*, 25 Vt. 593; *People* v. *Commissioners of Taxes*, 23 N. Y. 224; *Bentley* v. *Whittemore*, 19 N. J. Eq. 462; Wharton on Conflict of Laws, § 276; *Byan* v. *Brisbin*, 26 Mo. 423; *Bethel* v. *Bethel*, 54 Ind. 428; *De Wolf* v. *Johnson*, 10 Wheat. 368; *Glenn* v. *Thistle*, 23 Miss. 42).

(C) The attaching creditors could not, therefore, bring an action to set aside the assignment and subject the property transferred to their attachments; and, upon the same principle, if they were sued in this action, they could not defend on the ground that the assignment was fraudulent and void as to creditors; and the sheriff, their agent, has no greater power than the attaching creditors, and cannot set up a defense that they would be precluded from setting up (*Castle* v. *Lewis*, 78 N. Y. 136; *Thurber* v. *Blanck*, 50 N. Y. 84, 85; *Lawrence* v. *Bank of the Republic*, 35 N. Y. 322).

(D) If it were allowable for the sheriff to bring actions to set aside conveyances as fraudulent against attaching creditors, or to set up fraud in the conveyance as a defense when sued by an assignee for taking his property, assignments which are perfectly valid could be declared void and set aside without the person who made the assignment being a party to the proceeding, and this the law will never countenance (*Lawrence* v. *Bank of the Republic*, 35 N. Y. 322).

(E) The attaching creditors, being beneficiaries under the deed of trust, along with other creditors, are not in a position to invalidate the trust and take the property conveyed to plaintiff (*Bennett* v. *Garlock*, 79 N. Y. 302).

(F) The only case where the sheriff, when sued for taking property under attachments, can set up as a defense, that the plaintiff's title is fraudulent as to the attaching creditors, is where the attachment was issued on the ground that the assignor was assigning his property with intent to defraud his creditors (*Rinchey* v. *Stryker*, 28 N. Y. 45; *Frost* v. *Mott*, 34 N. Y. 255).

*Fourth.*—The attachments, the execution and the judgment roll were inadmissible in evidence (*Noble* v. *Holmes*, 5 Hill 195; *Van Etten* v. *Hurst*, 6 Hill 313; *Horton* v. *Henshot*, 1 Hill 118; *Cross* v. *Phelps*, 16 Barb. 502; *Rinchey* v. *Stryker*, 28 N. Y. 49; *Taylor* v. *Troncoso*, 76 N. Y. 599; *Mojarietta* v. *Saenz*, 80 N. Y. 549; *Blossom* v. *Estes*, 84 N. Y. 617; *Smith* v. *Wells*, 69 N. Y. 600; *Chemung Canal Co.* v. *Judson*, 8 N. Y. 260; *Yates* v. *Lansing*, 9 Johns. 407; *Ferguson* v. *Crawford*, 70 N. Y. 254; *Hallett* v. *Righters*, 13 How. Pr. 43; *Kendall* v. *Washburn*, 14 How. Pr. 380; *Cook* v. *Farren*, 34 Barb. 95; *People* v. *Board of Police*, 6 Abb. Pr. 162; *Wortman* v. *Wortman*, 17 Abb. Pr. 66; *Stanton* v. *Ellis*, 12 N. Y. 575; *Ritten* v. *Griffith*, 16 Hun 456; *McCool* v. *Boller*, 14 Hun 73; *Downer* v. *Mellon*, 50 Barb. 232; *Dobson* v. *Pearce*, 12 N. Y. 164; *Van Alstyne* v. *Erwine*, 11 N. Y. 338; *Staples* v. *Fairchild*, 3 N. Y. 45; *Cogwin* v. *Hancock*, 84 N. Y. 541; *Risley* v. *Phenix Bank*, 83 N. Y. 337; *Kinnier* v. *Kinnier*, 45 N. Y. 535; *Kerr* v. *Kerr*, 41 N. Y. 272; *Hunt* v. *Hunt*, 72 N. Y. 225; *Shultz* v. *Hoagland*, 85 N. Y. 464; *Marsh* v. *Falker*, 40 N. Y. 562; *Wakeman* v. *Daley*, 51 N. Y. 31; *Nichols* v. *Pinner*, 18 N. Y. 30; *Hathaway* v. *Johnson*, 55 N. Y. 93, 95; Bump on Fraud. Conv. 559, and cases cited; Roberts on Fraud. Conv. 528; *Fleming* v. *Slocum*, 18 Johns. 403; *Jackson* v. *King*, 4 Cowen 220; *Starr* v. *Peck*, 1 Hill 270; 2 Phillips on Evid. [Cowen & Hill's notes] 16, 17, 18).

*Charles F. MacLean*, for respondents.—*First.* The assignment is governed by the laws of New York. .

(A) By the agreement of the parties. So far as the parties to the instrument can control the determination of the law by which their act is to be governed, they have expressed their intention to do so by the manner in which they have executed it.

(B) By the place of execution. The deed as signed by Oliver & Robinson was of no validity whatever until its acceptance by Grady in New York City. The acceptance was essential to the validity of the assignment independent

of the statute (Bishop on Insolvent Debtors, 138; *Lawrence* v. *Davis*, 3 McLean, 178; *Prissen* v. *Manning*, 2 Mich. 445, 462; *Cunningham* v. *Freeborn*, 11 Wend. 240; *Crosby* v. *Hillyer*, 24 Wend. 280).

(C) By the place of the subject matter. The place of the situation of the property conveyed controls (*Guillander* v. *Howell*, 35 N. Y. 657; *Gray* v. *Delaware &c. Canal Co.*, 5 Abb. N. C. 131; *Whitman* v. *Conner*, 40 N. Y. Super. Ct. [8 Jones & S.] 339; *Graham* v. *First Nat. Bank*, 20 Hun 326.

(D) By the place of performance. The place of performance will govern in the absence of other controlling facts (*Smith* v. *Smith*, 2 Johns. 235; *Thompson* v. *Ketcham*, 4 Johns. 285; *Hicks* v. *Brown*, 12 Johns. 142; *Hyde* v. *Goodnow*, 3 N. Y. 266; *Bowen* v. *Newell*, 13 N. Y. 290; *Lee* v. *Selleck*, 32 Barb. 522; 33 N. Y. 615).

(E) By the place of domicile. The capacity of Grady to take and hold the property would be governed by the laws of his domicile, the State of New York.

(F) By the place of the court. The insolvent laws of other states will not be enforced here, nor will contracts, although lawful where made, receive the assistance of our courts if they are against what our law defines as good morals or common honesty. So, where a transaction may be governed by either New York law or that of another jurisdiction, the New York law will be preferred; and so, too, in a case of serious doubt.

*Second.*—By the laws of New York, the assignment is void.

(A) The instrument is to be regarded as a general assignment (*Massey* v. *Noyes*, 26 Vt. 462, 473; *Bishop* v. *Hart's Trustees*, 28 Vt. 71). A general assignment is not necessarily to be governed by the domicile of the assignors (Assignment Act of 1877, § 2). The case of *Ockerman* v. *Cross* (54 N. Y. 29), arose under the Assignment Act of 1860 (L. 1860, c. 438) which contemplated only assignments by residents.

(B) This assignment contains an express reservation in

favor of the assignors, and is therefore void (2 R. S. 135, § 2; *Doremus* v. *Lewis*, 8 Barb. 124; *Barney* v. *Griffin*, 2 N. Y. 365; *Boardman* v. *Holliday*, 10 Paige 223; *Grover* v. *Wakeman*, 11 Wend. 187; *Leitch* v. *Hollister*, 4 N. Y. 211).

(C) The assignment makes no disposition of the proceeds of the collection of the debts. It simply disposes of the proceeds of the sales. A trustee is bound by any restrictions contained in the writing which creates the trust, and if these are inconsistent with the rights of creditors, the trust itself must fall to the ground (*Ogden* v. *Peters*, 21 N. Y. 23; *Jessup* v. *Hulse*, Id. 168).

(D) The instrument attempts to control the disposition of the property. After giving in the first instance authority to the assignee to sell either at public or private sale, the assignment goes on to provide that in case *any* creditor shall require that the sale should take place at auction, that then *all* of the property shall be sold at public auction. This, as tending to vary or modify the duties which the law devolves upon the assignee, of necessity vitiates the assignment (*Jessup* v. *Hulse*, 21 N. Y. 168; *Townsend* v. *Stearns*, 32 N. Y. 209; *Schlussell* v. *Willett*, 22 How. Pr. 18). As to whether a provision in an assignment requiring or directing an assignee to sell the property at public auction avoids it or not, see *Work* v. *Ellis* (50 Barb. 512); *Dunham* v. *Waterman* (17 N. Y. 9); also *Nicholson* v. *Leavitt* (6 N. Y. 510); *Jessup* v. *Hulse* (21 How. Pr. 168); *Townsend* v. *Sterns* (32 N. Y. 209). See further, *Boardman* v. *Halliday* (11 Wend. 223); *Barnum* v. *Hempstead* (7 Paige 568).

(E) If the assignment is void in part it is void *in toto* (*Hyslop* v. *Clarke*, 14 Johns. 458; *Grover* v. *Wakeman*, 11 Wend. 190; *Russell* v. *Winne*, 37 N. Y. 591; *Mittnacht* v. *Kelly*, 3 Keyes 407).

*Third.*—By the laws of Virginia, the assignment is void. There is no proof of difference between the laws of New York and those of Virginia (*Hynes* v. *McDermott*, 82 N. Y. 41).

*Fourth.*—The assignment was fraudulent in fact.

*Fifth.*—The sheriff might attack the assignment (*Kelly* v. *Archer*, 48 Barb. 68; *Frost* v. *Mott*, 34 N. Y. 253; *Rinchey* v. *Stryker*, 28 N. Y. 45; Crocker on Sheriffs, 384; *Rinchey* v. *Stryker*, 31 N. Y. 140, and 26 How. Pr. 75; *Hall* v. *Stryker*, 27 N. Y. 596; *Thayer* v. *Willett*, 5 Bosw. 344, and 9 Abb. Pr. 325; *Fallon* v. *McCunn*, 7 Bosw. 141; *Jacobs* v. *Remsen*, 35 Barb. 384; *Schlussel* v. *Willett*, 34 Barb. 397; *Rennie* v. *Bean*, 12 Week. Dig. 25; *McCarthy* v. *Kelly*, Id. 539; *Manning* v. *Reilly*, Id. 547; *Carr* v. *Van Hoesen*, 14 Week Dig. 110; *Kuhlman* v. *Orser*, 5 Duer 242; *Wagner* v. *Jones*, 7 Daly 375, affirmed in Court of Appeals; *Requa* v. *Holmes*, 16 N. Y. 193).

*Sixth.*—There was no error in the rulings as to evidence.

VAN BRUNT, J.—[After stating the facts as above.]— The first point raised by the appellant is that neither the attaching creditors nor the sheriff have any standing in court to impeach the *bona fides* of the transfer to the plaintiff; that the attaching creditors, not being judgment and execution creditors and simply creditors at large, have no standing in court to impeach the *bona fides* of the transfer; and cites in support of this proposition a large number of cases in which it is held that a creditor at large has no *status* in equity, and the right of a judgment creditor to relief depends upon the fact of his having exhausted his legal remedies without avail.

Undoubtedly it is true that neither the sheriff nor the attaching creditors could have maintained a bill in equity for the purpose of adjudicating the assignment above mentioned fraudulent, but it has been repeatedly held by the Court of Appeals that under an attachment the sheriff may seize any property which the defendants have disposed of with intent to defraud their creditors, and that in respect to such property he is not to be deemed a mere creditor at large but one having a specific lien upon the property attached (*Hall* v. *Stryker*, 27 N. Y. 596; *Rinchey* v. *Stryker*, 31 N. Y. 140; and numerous other cases).

In the case of *Castle* v. *Lewis* (78 N. Y. 131), which is

claimed by the appellant's counsel to sustain a different view, the thing attached was a chose in action, and it was found by the court that the point urged, that the transfer of said chose in action was fraudulent and void as against creditors and no title passed, was not well taken.

The main question involved in this case is as to whether the instrument called an assignment is to be construed according to the laws of Virginia or the laws of the State of New York.

It is urged upon the part of the appellant, that personal property has no *situs* but follows its owner, and that the voluntary transfer, if valid by the law of the owner's domicile, is valid everywhere except where the transfer conflicts with the policy of the state where the property is situated (Story on Conflict of Laws, §§ 379–384).

Numerous adjudged cases are cited in the plaintiff's points to sustain this proposition, and it must be conceded to be the law as established by the courts of this state. In all those cases the domicile and the place of the execution of the will or other instrument of transfer coincided. In the case at bar the assignment was executed in New York. Execution implies signing, sealing and delivering. All must concur before there is a complete execution of any sealed instrument. Execution of a deed or sealed instrument is defined to be the signing, sealing and delivery of the same (Bouvier's Law Dictionary, title, Execution).

The assignment in question was signed and sealed by Oliver & Robinson in Virginia, but the execution of the instrument was not completed until it was actually delivered to and accepted by Grady, which took place in New York. Up to that time they undoubtedly had a right to recall and revoke the instrument, because until such delivery the instrument was not executed by them and consequently no transfer of property could take place. The execution of the deed of assignment and its acceptance by the assignee was not only a transfer of the property therein named, but it was a contract entered into by the assignee to perform his part of the trust therein reposed in him. It is a princi-

ple of elementary law that the *lex loci contractus* governs the question as to the validity of the contract (Story on Conflict of Laws, §§ 242 *et seq.*).

No case has been called to the attention of the court where a transfer valid by the law of the domicile, but which was void by the law of the place where it was executed and where the property was situated and where such transfer went into effect, has been sustained.

It is urged upon the part of the appellant that it was not necessary in order that this transfer should be valid that Grady should accept it at all, because it is a principle of equity that a trust shall never fail for want of a trustee. This principle is undoubtedly correct, but has no application to the case at bar, because no trust whatever was created until this assignment was executed, and it was not executed, as has before been said, until it was delivered to Grady; therefore, it would appear that the *lex loci contractus* must govern, and that the law of the domicile cannot override the law of the place of the execution of the instrument, the situation of the subject matter, and the place of performance.

It is not necessary to decide in this case whether an assignment of personal property made, signed, sealed and delivered in Virginia, valid by the laws of Virginia and invalid by the statute law of the State of New York, would pass the title to personal property in the State of New York, because no such question is presented by the evidence in this case.

The General Assignment Act of 1877 evidently contemplates the making of assignments by non-residents of the State of New York, who are carrying on business within said state. It provides that every conveyance or assignment by a debtor of his estate, real or personal, or both, to an assignee for the benefit of creditors of such debtor, shall be in writing, etc., and shall be recorded in the County Clerk's office of the county where such debtor resided or *carried on his business* at the date thereof; and it further provides that an assignment by copartners shall be recorded

in the county where the principal place of said business is situated. This language evidently contemplates those cases where the assignor lives out of the state, and is intended to apply to every transfer of property situated in the State of New York made for the benefit of creditors, when the assignor had carried on his business within this state. The evidence in this case shows that Oliver & Robinson, although residents of the State of Virginia, carried on their business in the State of New York, and an assignment of the property used in said business and situated in the City of New York must, therefore, be governed by the assignment law of the State of New York, especially where, as has already been seen, such assignment was executed within said state.

It is conceded upon the part of the appellant that if this assignment is to be construed by the laws of the State of New York that it is not valid; and, therefore, it is not necessary upon this appeal to discuss that question.

It is urged that as the attaching creditors were residents of the State of Virginia, as well as the assignors Oliver & Robinson, that some different rule should prevail on that question, because they were both subject to the laws of Virginia. That this rule, however, does not apply to the case at bar is evident from the fact that no matter where parties are domiciled, the *lex loci contractus* must govern.

It is urged upon this appeal that the attachments, the execution and the judgment roll were inadmissible in evidence.

It is undoubtedly true that the admission of the attachments, without the affidavits upon which they were issued, was error, but it appears from the record that those affidavits were subsequently offered in evidence, and it appears that they upon their face conferred jurisdiction upon the court to issue the attachments, and this objection, therefore, cannot now prevail. Whether the judgment was regularly entered or not is entirely immaterial in this case, because the sheriff, if he was authorized to make this seizure under the attachment, must be protected by this attachment, and the subsequent failure to recover a proper

Grady *v.* Bowe.

judgment cannot make the sheriff liable for an action of trespass, certainly if the same is commenced as the one at bar was before any judgment could possibly be obtained —this action being commenced within seven days after the commencement of the action in which the attachments were issued: and it was held in the case of *Rinckey* v. *Stryker* (*supra*), that the sheriff, in an action for wrongfully taking the property, has a right to show that the title of the purchaser from the debtors was fraudulent and void as against attaching creditors, even before judgment in the attachment suit.   In other words, the question as to whether the sheriff is a trespasser or not must be determined by the condition of affairs at the time that he seizes the property. Any other rule would make the sheriff liable for the misconduct or negligence of the attorneys in subsequent proceedings taken after a levy, over which he would have no control.

For these reasons we are of the opinion that the question as to whether proceedings subsequent to the issuing of the attachment by which the plaintiff in the attachment suit obtained judgment were regular or not is entirely immaterial.

We are of the opinion, therefore, that the judgment appealed from must be affirmed, with costs.

J. F. DALY and VAN HOESEN, JJ., concurred.

Judgment and order affirmed, with costs.