# N. Y. COMMON PLEAS.

JOHN G. SMITH agt. THOMAS BOYLE and others.

*Assignment — Irregularity in certificate of acknowledgment — When assignment invalid.*

An assignment for the benefit of creditors is not valid, if not duly acknowledged and recorded.

The certificate of acknowledgment of an assignment for the benefit of creditors read: " On this (giving the date) before me personally appeared A. and B., to me personally known to be the individuals described in and who executed the same, and who acknowledged to me that they executed the same for the purposes therein mentioned."

*Held*, that the assignment was invalid because not duly acknowledged and recorded, because the certificate does not set forth that the officer knew the persons acknowledging to be the persons described in and who executed the conveyance. The irregularity in the certificate cannot be cured, so as to give the assignee title or right over the attaching creditors.

*Special Term, February*, 1884.

*Before* VAN BRUNT, *C. J.*, VAN HOESEN *and* J. F. DALY, *JJ.*

APPEAL by plaintiff from judgment in favor of defendants, entered on report of referee dismissing complaint for failure of plaintiff to show a valid general assignment for the benefit of creditors from Clinton H. Smith to himself, by virtue of which he claimed the property described in the complaint. The defect in the assignment was an irregular certificate of acknowledgment in these words:

" STATE OF NEW YORK, } *ss. :*
CITY AND COUNTY OF NEW YORK, }

" On this twenty-first day of February, one thousand eight hundred and eighty-two, before me personally appeared Clinton H. Smith and John G. Smith, to me personally known to be the individuals described and who executed the

same, and who acknowledged to me that they executed the same for the purposes therein mentioned.

                    "JOHN N. BROWN,
          "*Commissioner of Deeds, New York county.*"

On the trial before the referee the plaintiff offered the instrument, dated February 20, 1882, and filed in the office of the county clerk of New York county, the same day. Defendant objected to the admission of the assignment on the ground that it was not duly executed and acknowledged. It was admitted that the instrument was signed by the parties to it; that plaintiff took possession of the property mentioned in the schedule annexed to it; that defendants took the property referred to in the complaint, out of plaintiff's possession by virtue of attachments. The referee allowed the assignment in evidence, reserving the question as to the legal effect of the paper until the close of plaintiff's case. The plaintiff rested and defendant moved to dismiss the complaint on the ground that the assignment was not duly acknowledged or executed, as required by the statute.

*John J. Adams*, for plaintiff, appellant.

*Otto Howitz* and *Daniel Clark Briggs*, for defendants and respondents.

J. F. DALY, *J.* — An assignment for the benefit of creditors is not valid if not duly acknowledged and recorded (*Laws of* 1877, *chap.* 466, *sec.* 1; *Rennie* agt. *Bean*, 2 *Hun*, 123; *Hardman* agt. *Bowen*, 39 *N. Y.*, 196; *Britton* agt. *Lorenz*, 45 *N. Y.*, 51; *Jones* agt. *Bach*, 48 *Barb.*, 568; *Treadwell* agt. *Sackett*, 50 *Barb.*, 440). If it be not duly acknowledged the recording goes for nothing; it is not recorded (*Rennie* agt. *Bean, above*, 2 *R. S.*, 759, *secs.* 16, 20). In determining the validity of the recording of a conveyance, it is the certificate of the officer who takes the acknowledgment that must be considered, for unless the acknowledgment

be certified in the manner prescribed by the statute, the instrument is not entitled to be recorded (2 *R. S.*, 759, *sec.* 16). The manner of certifying an acknowledgment is for the officer who takes it to indorse upon the conveyance a certificate of the acknowledgment, wherein he shall set forth the matters required by the statute to be done, known or proved on such acknowledgment, &c. (2 *R. S.*, 759, *sec.* 15). The officer must know or have satisfactory evidence that the person making the acknowledgment is the individual described in and who executed such conveyance (2 *R. S.*, 758, *sec.* 9). According to the fifteenth section of the statute, such knowledge shall be set forth in the certificate.

In the certificate of acknowledgment to the assignment before us, it is not set forth that the officer knew the persons acknowledging to be the persons described in and who executed the conveyance. The words "the same" relate to nothing and identify nothing. There is an utter absence of certification by the officer of matters required to be certified. It may be a clerical error merely, but the matters are not in the certificate, and without them the certificate is not in the manner required by the statute, and the conveyance was not entitled to be recorded.

I have referred to the foregoing provisions of the Revised Statutes as applicable to the acknowledgment and recording of insolvent assignments for this reason : The assignment act (*Laws of* 1877, *above cited*) requires that the assignment shall be duly acknowledged before an officer authorized to take the acknowledgment of deeds, and recorded in the office of the clerk of the county where the debtor resided or carried on business at the date thereof. The act does not state the requisites of an acknowledgment nor of a certificate thereof.

The assignment act of 1860 provided that the certificate of acknowledgment should be indorsed upon the assignment, but this provision is omitted in the act of 1877. The omission was probably owing to the fact that the Revised Statutes are explicit as to how acknowledgments shall be taken and certi-

fied. The act of 1877 merely requires that the assignment shall be duly acknowledged. " Duly " signifies regularly, or exactly (*People* agt. *Walker*, 23 *Barb.*, 304), that is to say, in conformity with some regulation on the subject ; and as the only rule in the matter is found in the Revised Statutes, the acknowledgment and certificate must conform to them.

Under the act of 1860 it was held that the assignment was invalid if not acknowledged before delivery. Under the act of 1877 no time is fixed for acknowledgment, but it must be before recording, for the reasons above stated, and under the authorities above cited, if the instrument be not acknowledged and recorded, it is invalid and passes no title to the assignee.

The irregularity in the certificate of acknowledgment cannot be now cured so as to give the assignee title or right over the attaching creditors, the defendants. He gets no title until the assignment is recorded. If no rights intervene he might obtain a proper certificate and have the assignment recorded properly, but his title to the assigned property would vest only from that time.

The referee was right in giving judgment for defendants, and it must be affirmed, with costs.

VAN BRUNT and VAN HOESEN, JJ., concurred.