CHARLES SCHWARTZ AND JOHN DUPEE, JR., RESPONDENTS, v. WILLIAM K. SOUTTER AND FRANKLIN EDWARDS, APPELLANTS.

*General assignment — void if not accepted and acknowledged by the assignee before its record — 1877, chap. 466.*

On September 28, 1885, the defendants made a general assignment for the benefit of their creditors, which was recorded on the following day. The assent of the assignee was not embraced in or indorsed upon the assignment before the same was recorded, as required by section 2 of chapter 466 of 1877. Upon the day the assignment was recorded, the omission just mentioned was discovered, and the acceptance of the assignee, dated the twenty-eighth of September, was acknowledged on the twenty-ninth, and separately recorded at 10.35 A. M., or about an hour and a half after the assignment itself had been recorded.

*Held,* that the assignment was void and that the assignee derived no title to the property assigned, even as between the parties to the instrument.

*Smith* v. *Boyd* (10 Daly, 149) approved and followed.

APPEAL from an order made at Special Term, denying a motion to vacate an attachment.

*Delos McCurdy*, for the appellants.

*John H. Miller* and *Eugene Smith*, for the respondents.

Brady, P. J.:

It appears that on the 28th of September, 1885, the defendants, who were general partners in a limited partnership, made a general assignment for the benefit of their creditors, which was recorded on the day following. The assent of the assignee was not embraced in or indorsed upon the assignment before the same was recorded, as required by the act of 1877, chapter 466, section 2. Upon the day of the record the omission just mentioned was discovered, and the acceptance, dated the twenty-eighth of September, was acknowledged on the twenty-ninth and separately recorded at ten o'clock and thirty-five minutes, or about an hour and a half after the assignment itself had been recorded. It also appears that the firm, finding themselves insolvent, sent for their counsel and were by him advised to make an assignment, and acting on his advice they executed one in good faith, and without intent to hinder, delay or defraud any of their creditors or the plaintiffs herein, and without being aware that such assignment was contrary to law.

The assignment contained a preference to the administrators of one Louis Hansen, deceased, for the amount of $30,000, and to the firm of Robert Garrett & Sons for the sum of $39,000, the firm being indebted to these persons in the amounts named.

It also appears that before any act was done under the assignment the counsel for the defendants discovered that the firm of Soutter & Co., instead of being a general partnership was a limited one, and included Mr. Timothy H. Porter as a special partner. Thereupon, and on the 1st of October, 1835, another assignment was duly executed, acknowledged and recorded containing no preferences, which recited the true nature of the partnership and embraced in it the assent of the assignee. Under this last assignment the assignee filed his bond and schedule, treating the former assignment as a nullity. On the thirtieth of December, or nearly three months after the recording of the last-mentioned assignment, the plaintiffs procured a warrant of attachment. The defendants moved to vacate it upon the affidavit of Mr. Edwards, one of the defendants, the two assignments and the papers upon which the attachment was granted. The motion was denied. From the order of denial the defendants appeal.

It is conceded that under the provisions of the Revised Statutes

the assignment of the twenty-eighth of September was void as to creditors because it contained preferences, and it is contended that it was absolutely void between the parties. The learned justice in the court below found, however, that the first assignment was good between the parties though void as to creditors, and that nothing passed, therefore, by the new instrument, *i. e.*, the one executed upon the 1st of October, 1885.

The question presented upon this appeal is whether this view of the learned justice is correct. The statute of 1877 requires that the assent of the assignee shall be embraced in or at the end of, or indorsed upon, the assignment before the same is recorded. (Laws 1877, chap. 466, § 2.)

In *Britton* v. *Lorenz* (45 N. Y., 55) Judge Grover said, in reference to the statute governing assignments and originally passed in 1860 (see laws of that year, chap. 348): " Unless instruments of this character are executed in conformity to this section they are void:" And, further: "The bill of sale not having been executed as required by section 1 was void, and no title was acquired by the defendants under it." "It follows," said the learned judge, " that such title remained in Schenck, the former owner, until his assignment to the plaintiffs, and it passed to them by virtue thereof." And it was held in *Smith* v. *Boyd* (10 Daly, 149) that an assignment for the benefit of creditors was not valid if it was not duly acknowledged and recorded, and that the assignee derived no title until the assignment was so recorded.

The cases bearing upon this subject and referred to in *Smith* v. *Boyd* (*supra*), namely: *Rennie* v. *Bean* (24 Hun, 123); *Hardmann* v. *Bowen* (39 N. Y., 196); *Britton* v. *Lorenz* (45 id., 51); *Jones* v. *Bach* (48 Barb., 568); *Treadwell* v. *Sackett* (50 id., 441), and, also, the adjudication in the *Matter of Leahy* (8 Daly, 124), establish the rule that the statute is mandatory and that unless its provisions are complied with the instrument is absolutely void and the assignee derives no title.

Having arrived at this conclusion the appeal is necessarily disposed of and in favor of the appellant, inasmuch as the assignment being void and the assignee deriving no title from it, it was not valid between the parties; and no rights having intervened the subsequent assignment executed upon the 1st of October, 1885, and in com-

pliance with the statute to which reference has been made, was valid, and conveyed the title to the property embraced within it to the assignee.

For these reasons the order appealed from should be reversed, and the motion granted, with ten dollars costs and the disbursements of the appeal.

DANIELS and CHURCHILL, JJ., concurred.

Order reversed.