SMEDLEY *v.* SMITH *et al.*

(*Common Pleas of New York City and County, General Term.* December 19, 1889.)

1. ASSIGNMENT FOR BENEFIT OF CREDITORS—PREFERENCES—CONFLICT OF LAWS.
   Though preferences in assignments are prohibited in New Jersey, the members of an insolvent firm doing business in New York, but who own real and personal property and reside in New Jersey, may make a preferential assignment of all their property under the New York general assignment act of 1877, which provides for the recording of the assignment in the county in which the debtor does business.[1]

2. SAME—VOID ASSIGNMENT—PARTNERSHIP.
   An assignment by a partnership for the benefit of its creditors which is not acknowledged by the assignors, but only proved by a witness, and which contains no acknowledgment by the assignee of the acceptance of the trust, being void under the general assignment act, passes no title to the assignee, and does not dissolve the partnership, so as to prevent a subsequent assignment in proper form.

3. SHERIFFS AND CONSTABLES—INDEMNITORS—SUBSTITUTED DEFENDANTS.
   In an action against a sheriff for the wrongful seizure of property, his indemnitors, the attaching creditors, are liable to the same extent as the sheriff, where they are substituted as defendants, with their own and the consent of the other parties, by an order of court which provides that they shall be responsible for the acts of the sheriff on the levy, and for his other acts in relation to the matter; and their liability is not limited by the amount of their bond.

Appeal from trial term.

Action by Frederic G. Smedley, as assignee of the firm of W. I. Negus & Co., against George V. Smith and others, indemnitors of the sheriff of New York city and county, for an alleged wrongful seizure of property. From a judgment against defendants for $15,760.24, entered on the decision of the court on a trial without a jury, defendants appeal.

Argued before LARREMORE, C. J., and DALY and BOOKSTAVER, JJ.

---

[1] Concerning the validity of assignments for benefit of creditors containing preferences, see Roberts v. Vietor, 7 N. Y. Supp. 777, and note.

Arthur Furber, for appellants.   Kelly & MacRae, ( W. F. MacRae, of counsel,) for respondent.

BOOKSTAVER, J.   The plaintiff is the general assignee of the firm of W I. Negus & Co., lately doing business in the city of New York.   It was composed of William I. Negus and William B. C. Carpenter, both of whom resided in New Jersey, where they owned real and personal property.   On the 14th of February, 1888, they executed an instrument purporting to be an assignment of all their property to the plaintiff, for the benefit of creditors. This instrument was delivered to the plaintiff, and by him recorded on the next day, but was not acknowledged by the assignors or by the assignees, as required by law.   To cure this defect, a new assignment, dated on the 14th of February, 1888, was executed and acknowledged, and delivered to the plaintiff, as assignee, on the 17th of that month, and was by him recorded the same day.   Both assignments contained preferences, which were forbidden by the laws of New Jersey.   The assignee took possession of the property of the assignors under the first assignment, and held it, under the second, until it was taken from him by the sheriff.   On the 16th of February, 1888, several attachments against the property of the assignors were issued to the sheriff, and others were afterwards issued to him; but, as found by the court, none of them were levied on the property in question until after the second assignment had been recorded and the plaintiff had taken possession.   The sheriff then levied on the property, took it into his possession, and afterwards, under indemnity from the defendants, sold the same.   The plaintiff thereupon commenced this action against the sheriff for wrongfully seizing and converting the property; and subsequently, on the sheriff's motion and the consent of the indemnitors, they were substituted as defendants in his stead.

The first question presented on this appeal is whether the assignors, being residents of a state whose laws forbid the making of a preferential assignment, and declare the same void, can make a valid preferential assignment in this state.   The appellants contend that they cannot, for the reason that the law of the domicile of the assignors controls the disposition of personal property.   While this is true as a general rule, there are exceptions to it; and such exceptions are well pointed out in Warner v. Jaffray, 96 N. Y. 254, where EARL, J., delivering the opinion of the court, says: "It is a general rule that the voluntary transfer of personal property is to be governed everywhere by the law of the owner's domicile; and this rule proceeds on the fiction of law that the domicile draws to it the personal estate of the owner, wherever it may happen to be.   But this fiction is by no means of universal application, and yields whenever it is necessary, for the purposes of justice, that the actual situs of the thing should be examined, and always yields when the law and policy of the state where the property is located have prescribed a different rule of transfer from that of the state where the owner lives; and to this effect are all the authorities, "—citing a number.   It is expressly decided by this court, in Grady v. Bowe, 11 Daly, 259, that copartners residing out of this state could make a valid assignment of their property within this state, according to the laws of this state.   See, also, Bank v. Halshizer, 2 N. Y. St. Rep. 92.   And this is so, although, as in this case, the preferences in the assignment make it obnoxious to the law of the assignors' domicile.   The appellant claims there is a distinction to be drawn between Grady v. Bowe and this case, in that in the former it was an assignment of specific property situate in this state, and not of all of the assignors' property; but we can see no difference in principle between the two cases.   It was held, under the act of 1860, that, inasmuch as the assignment was to be recorded in the county in which the debtors resided, non-residents of the state could not make an assignment under that act.   But the act of 1877 inserted a further provision for recording the assignment in the county in which the debtor carried on his business;

and this language, we think, evidently contemplates those cases where the assignors live out of the state, and is intended to apply to every transfer of property, situate in the state of New York, made for the benefit of creditors, when the assignor has carried on his business within this state.

The appellants further contend that the assignment of the 17th of February was ineffectual to pass any title to the assignee, in view of the assignment of their property by the instrument of the 14th of February, because, by making the latter, the copartnership was dissolved. This we think untenable, because the assignment executed on the 14th of February was not in conformity with the general assignment act of this state, in that it was not acknowledged by the assignors, but only proved by a witness, and the acceptance of the trust by the assignee was not acknowledged by him, as required by that act. This rendered that assignment not only voidable, but absolutely void. *Hardmann* v. *Bowen*, 39 N. Y. 196; *Britton* v. *Lorenz*, 45 N. Y. 51; *Smith* v. *Boyd*, 10 Daly, 149. Being void, it could not operate to convey any title to the assignee, nor could it work a dissolution of the firm; and there was, consequently, no reason why the assignors could not make and execute a new assignment. *Schwartz* v. *Soutter*, 41 Hun. 323, affirmed, 103 N. Y. 683, 9 N. E. Rep. 448; *Juliand* v. *Rathbone*, 39 N. Y. 369.

The appellants also contend that the plaintiff could not prove title under the instrument executed on the 17th of February, because the allegations of the complaint were not sufficient for that purpose; but, upon a careful review of the complaint, we think that it sets forth all the allegations necessary to allow such proof.

It was also contended on behalf of the appellants that the several defendants could in no event be held in more than the amount of their undertakings, respectively. This question was not raised on the trial, and we think it now too late. But, even if taken at the trial, we do not think it could prevail in this action; for the defendants were substituted in place of the sheriff, by order of this court, on their own consent, and with the consent of all the parties to the action, and the order entered upon that consent expressly provided that they should assume and be responsible for the acts of the sheriff on the levy, and for his other acts in relation to the matter, which would make them liable to the same extent that the sheriff was, and from this order there has been no appeal. We therefore think the judgment should be affirmed, with costs. All concur.